## JOHNSON v. GILMORE.

1. A complaint which states a contract, shows a breach, and alleges damages directly resulting therefrom, states a cause of action, without showing in what particular manner such damages occured.

2. A witness, who testifies that at a certain time and place he was a general dealer in fat stock, is qualified to express an opinion as to the value of fat cattle at the time and place designated.

3. The extent of his business, his experience or means of knowledge may be shown, to enable the jury to properly estimate the value of his opinion; but the opinion of a general dealer is *prima facie* admissible upon the value of articles in which he deals.

4. An assignment alleging error in the ruling of the trial court is unavailable here, where the record does not show that such ruling was made or the facts upon which it is assumed in argument to have been made.

5. The allowance by the trial court of a question to a witness which calls for incompetent testimony presents uo reversible error where the answers to such question and others immediately following affirmatively show that no prejudice resulted or could have resulted therefrom.

6.  Where the evidence before a jury is substantially conflicting, this court
    will not substitute its own judgment for that of the jury.

7.  Respondent's abstract in this case being entirely unnecessary, no costs
    are allowed for its printing.

(Syllabus by the Court.   Opinion filed Nov. 28, 1894.)

Appeal from the circuit court, Hand county. HON. H. G. FULLER, Judge.

Action to recover damages for breach of contract. Plaintiff had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*C. G. Hartley*, for appellant.

In an action on contract where neither time nor place of delivery was fixed the plaintiff must aver an offer or tender of performance on his part. and to pay on delivery. Lester v. Jewett, 11 N. Y. 453; Smith v. Wright, 1 Abb. Pr. 243; Porter v. Booth, 1 S. D. 558; 47 N. W. 960; Sames v. Spawn, 6 Dak. 16; Ross v. Wait, 51 N. W. 866; Vail v. Rice, 5 N. Y. 155; Dunham v. Pettee, 8 N. Y. 508. When a contract is reduced to writing everything concerning it is presumed to be merged into it, and the written contract supersedes all the oral negotiations and stipulations. Book v. Newcastle, 25 Atl. 120; Campbell v. Junenes, 23 N. Y. 333; Thompson v. McKee, 37 N. W. 367; Youngerman v. Bovee, 19 Cal. 355; Goldman v. Davis, 23 Cal. 256; Dean v. Bank, 6 Dak. 222; Bank v. Gilinan, 4 S. D. 265; 52 N. W. 869; Ringer v. Holtzclan, 20 S. W. 800. A verdict will be set aside when it is apparent from the record that it is wrong. Wood River Bank v. Dodge, 55 N. W. 234; National v. Miller, 1 S. D. 548; Boston v. McKinzie, 8 Pac. 22; Fuller v. Elevator Co., 2 N. W. 220.

*D. D. Rorick*, for respondent.

Damages which are the natural result of the breach of a contract need not be alleged. Peters v. Cooper, 54 N. W. 694; 5 A. & E. Enc. Law 40. In an action for the difference between the contract price and the market value of goods sold, plaintiff may recover under a general allegation of damages. Neal v.

Sholwater, 31 N. E. 848.   A tender of part only of the property sold will not compel vendee to accept.   Allen v. Pennell, 2 N.W. 337; Sulivan v. McMillon, 8 So. 450; 2 Parson Cont. 652.   When a contract is in writing and on its face is manifestly imcomplete, evidence may be given to show the real contract.   1 Greenl. Ev. 284; 1 Rice Ev. 318.

The court may in its discretion allow a party to be recalled after he has rested his case and moved for a verdict.   Hill v. Miller, 32 Pac. 354; Kimball v. Saguin, 53 N. W. 116; Rank v. Hotel, 55 N. W. 67; Liguor v. Jeffries, 12 So. 743; Fuller v. Arnold; 33 Pac. 445.   The verdict of a jury will not be disturbed when the evidence is conflicting and submitted to the jury with proper instructions.   Plummer v. Mining Co., 55 Fed. 755.

Kellam, J.   In his complaint the respondent, who was plaintiff below, alleged that in January, 1893, he made a written contract with the defendant and appellant, wherein defendant agreed to deliver to plaintiff 20 head of fat cows and heifers on the 1st day of April, 1893, at the agreed price of $2.40 per 100 pounds; that he was ready to receive and pay for the same at the stipulated time, but that defendant failed to deliver or offer to deliver them at the time agreed upon, or at any other time; that plaintiff made a demand for the same, which was refused; by reason of which facts he sustained damages in the sum of $236.   The answer admitted the making of the contract; denied that plaintiff was ready and willing to receive and pay for said cattle on the 1st day of April, or at any other time.   It alleges that he tendered the cattle to plaintiff in accordance with the contract, and that plaintiff refused to receive and pay for them, and denies that plaintiff ever made any demand for the cattle. It further alleges that he was ready and willing on the 1st day of April to deliver the cattle, when plaintiff should inspect and instruct defendant where to weigh and deliver the same.   It further alleges that on said 1st day of April it was impossible

to drive the cattle to and deliver them at the plaintiff's place of business in Miller, because bridges on the route had been washed out, and the streams were high and impassable. It denied that plaintiff had suffered any damage whatever. The trial was had before a jury. Plaintiff recovered judgment and defendant appeals.

At the opening of the trial, defendant objected to the introduction of evidence by plaintiff, on the ground that the complaint did not state a cause of action, in that it did not show in what manner the plaintiff had been damaged. The objection was properly overruled. The damages as claimed were not special, but general, and were the natural and direct result of the breach alleged. Even if this were not so, such objection to the complaint would not be good, for it stated a contract and a breach, which, if proved, would entitle plaintiff to nominal damages, and would, therefore state a cause of action. The complaint was sufficient in that respect. Hudson v. Archer, (S. D.) 55 N. W. 1099; Peters v. Cooper, (Mich.) 54 N. W. 694; Richter v. Meyer, (Ind. App.) 31 N. E. 582.

It is next alleged that the court erred in allowing Johnson to testify, over defendant's objection, that he had not shown himself qualified to express an opinion as to the value of the stock contracted for at Miller on the 1st of April, 1893. The witness had already testified that he was a dealer in fat stock at that time and place, and he was qualified to express an opinion as to their value. If his business had been limited, and his knowledge slight, this might have been developed in cross-examination, to show the jury the value of his opinion; but his evidence was not incompetent. Enos v. Insurance Co., (S. D.) 57 N. W. 924; Gleckler v. Slavens, (S. D.) 59 N. W. 323; Whitney v. Thacher, 117 Mass. 527; Insurance Co. v. Horton, 28 Mich. 173.

The next assignment is that the court erred in allowing plaintiff to amend his complaint after the case was called for trial, thus introducing, as appellant claims, a new cause of ac-

tion. There is nothing in appellant's abstract showing that the complaint was amended, or in what the amendment consisted, or that any objection was made to its allowance. The record presents no challenged ruling of the trial court for review here. It is clear, however, that such an amendment as is indicated by the assignment of error, if made, did not change the nature or character of the action, and its allowance rested in the discretion of the court. If it had been made to appear that a continuance or other relief were made necessary to defendant by such amendment, the court would doubtless have protected him against prejudice.

We now come to the only assignment of error requiring any particular attention. The plaintiff, as a witness in his own behalf, was asked to "state what was to be the average weight of these cattle at the time of delivery." This was objected to as immaterial and irrelevant under the contract. The court ruled against the objection. Assuming, without deciding, that it was not competent for plaintiff to prove by parol an agreed condition as to the weight of the cattle not put into the writing, the evidence of this witness in reply to this and other questions shows that no such agreement was made, and the question alone could not have prejudiced the defendant. In answer to this particular question he said, "Our conversation in regard to the cattle was to the effect that they were to weigh from 800 to 1,200 pounds," but immediately after, on cross-examination, he testified: "There was no stipulation as to what they should weigh. Q. No stipulated weight? A. No, sir." With this evidence from the plaintiff himself before them, the jury could not have found for the plaintiff on the theory of a breach of the contract as to the weight of the cattle, for he distinctly says that there was no such agreement. Allowing the question to be asked, even if error, was without prejudice.

It is further urged as error that the court allowed the plaintiff, after having formerly rested, to resume and introduce further evidence tending to prove an omitted fact. This was

discretionary with the court, and, under the circumstances shown, was not error.    Calkins v. Mining Co. (S. D.)58 N. W. 797, and cases there cited.

In respect to the objection that the evidence was insuffi-cient to support the verdict, it is only necessary to say that almost every fact, whether as to the condition of the cattle compared with the terms of the written agreement, the offer to deliver by defendant, or the refusal of plaintiff to receive the cattle before he knew of their condition, was in substantial dis-pute.    Under such circumstances we are not at liberty to sub-stitute our own judgment as to the effect of the evidence for that of the jury.    We see no reason for reversing the judgment.

The respondent's abstract was entirely unnecessary.    It purports to be made from the stenographer's minutes, and not from the settled bill of exceptions.    Much of what is printed— like the charge of the court—was not the subject of any excep-tion.    The only purpose or object of an additional abstract by a respondent is to correct material error in appellants abstract, or to set out further matter from the record, necessary for an intelligent consideration and determination of the points raised by appellant's assignment of errors.    Respondent's abstract in this case meets no such necessity, and no costs will be taxed for its printing.    The judgment appealed from is affirmed.

FULLER, J., took no part in the decision of this case.