SULLIVAN, Respondent, vs. MAUSTON MILLING COMPANY, Appellant.

*November 19—December 13; 1904.*

*Contract, sale or bailment? Evidence: Prior transactions: Cross-examination: Admissions: Instructions to jury.*

1. While evidence of previous independent transactions is inadmissible unless it tends to prove motive, intent, or custom, yet where it appears that in making a contract, reference was distinctly made to a previous transaction of a similar character, and that it was then agreed that plaintiff might deliver grain, and take the price later on, as was done on the former occasion, the terms of the former transaction are, in effect, imported into the bargain, and evidence as to its terms is made competent.

2. Where, in an action for the price of grain, the defense was that the grain had been stored instead of purchased, and the defendant's manager had testified that it was in the habit of storing grain for others, it is proper to cross-examine such manager as to former transactions with the plaintiff and others.

3. Where there was evidence tending to prove admissions by both plaintiff and defendant, and plaintiff admitted making only part of the alleged admissions, a general instruction on the subject of admissions, stated in the opinion, is *held* not to have misled the jury as to the admission which plaintiff acknowledged he made.

4. Instructions to the jury, commenting on the items of testimony, considered, and *held* not to violate the rule that in so doing all the essential facts on both sides should be covered.

APPEAL from a judgment of the circuit court for Juneau county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This is an action to recover the purchase price of a quan-

tity of oats. The plaintiff is a farmer, and the defendant operates a mill and elevator at Mauston, Wisconsin, and buys, sells, and stores grain. In September, 1902, plaintiff delivered the oats in question at the defendant's elevator, and received a grain ticket acknowledging receipt thereof. Thereafter the elevator burned, without fault of the defendant, and the oats were destroyed. The plaintiff claimed that the defendant purchased the grain, while the defendant claimed that the grain was simply left on storage, and this was the only question of fact in the case. The jury returned a verdict for the plaintiff, and, judgment being rendered thereon, the defendant appeals.

For the appellant there was a brief by *Barney & Price,* attorneys, and *Sanborn & Sanborn,* of counsel, and oral argument by *A. L. Sanborn* and *J. B. Sanborn.*

For the respondent there was a brief by *Veeder & Veeder,* and oral argument by *C. A. Veeder.*

WINSLOW, J. The errors claimed will be discussed in their order.

1. Testimony was allowed on behalf of the plaintiff as to a previous transaction between the parties in 1899, by which plaintiff delivered a quantity of grain to the defendant under an arrangement for sale similar to the one here claimed, and this ruling is attacked as erroneous. The rule that evidence of previous independent transactions is inadmissible unless it tends to prove motive, intent, or custom is well understood; but in the present case the plaintiff testified directly that, in making the arrangement in question, reference was distinctly made to the previous transaction, and that it was agreed that he might deliver the grain, and take the price later on, as was done on the former occasion. If this was true, its effect was to import the terms of the former transaction into the bargain, and this clearly made the terms of that transaction competent.

2. Plaintiff was allowed to cross-examine the president and manager of the defendant's business as to former transactions with the plaintiff and others, and this is assigned as error. It appears that upon his direct examination the witness testified that the defendant was in the habit of storing grain for others. The purpose and necessary effect of this testimony was to support an inference that the present transaction was a storing of grain in accordance with the general habit. Such testimony having been given by the party himself, it was entirely competent to cross-examine as to this habit, and show, if possible, whether it was universal or otherwise. Somewhat greater latitude is allowed upon cross-examination of a party than of a mere witness. *Schultz v. C.· & N. W. R. Co.* 67 Wis. 616, 31 N. W. 321.

3. There was evidence tending to prove admissions by both plaintiff and the defendant's manager, and the court gave the jury the following general instruction with reference to this testimony:

"The law regards the admission or statement of a party ordinarily as the weakest kind of evidence, for the reason that an admission or statement of a party is liable to be mistaken in one way or more ways. These statements sometimes are not distinctly and clearly understood when they are claimed to have been made by the party to whom they are made; they are not always remembered word for word by the party to whom they are made; and for this reason the law regards the admissions or declarations of persons out of court, casually made to different ones, as the weakest kind of testimony; that again, on the other hand, if those admissions or statements are deliberately made—understandingly made—by the party who makes them, and are clearly understood by the party to whom they are made, and correctly reported in court, then they are considered as strong evidence, providing they were clearly understood, clearly remembered, and correctly reported upon the witness stand. So you are to consider all these contingencies in regard to the manner of their being understood, their being made, and their being correctly reported in weighing them."

The defendant does not question the correctness of these propositions, in the abstract, but claims error because the plaintiff admitted and explained certain of his alleged admissions; and hence it is said that there was no question about their being clearly understood or remembered, and the instruction, as applied to the case in hand, was misleading. Examination of the record shows that the plaintiff admitted making only a part of the alleged admissions, but even had he admitted all of them, that part of the charge which says that admissions deliberately made and clearly understood and remembered are considered as strong evidence would necessarily apply, and the jury would unquestionably receive the correct idea as to the admissions which the plaintiff admitted that he made.

4. It is said that the trial judge, in commenting upon the items of testimony which tended to throw light upon the transaction, unfairly called attention to testimony favoring the plaintiff, and omitted or slighted testimony favoring the defendant. The rehearsing of the testimony is a delicate task, and it may be questioned whether it is wise to attempt it when the facts are at all numerous or complicated. If done at all, it should cover all the essential facts on both sides. In the present case we are referred to no facts which were omitted, and, on examination, we have discovered nothing essential in that line.

*By the Court.*—Judgment affirmed.