Note.—Reported in 203 N. W. 508. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1002, 4 C. J. Sec. 2836; (2) Sales, Key-No. 417, 35 Cyc. 631; (3) Frauds, statute of, Key-No. 129(1), 27 C. J. Sec. 268; (4) Appeal and error, Key-No. 928(1), 4 C. J. Sec. 2710; (5) Sales, Key-No. 52(5), 35 Cyc. 83; (6) Sales, Key-No. 1(4), 35 Cyc. 44; (7) Sales, Key-No. 1(3), 35 Cyc. 48; (8) Sales, Key-No. 421, 35 Cyc. 650; (9) Evidence, Key-No. 21, Witnesses, 40 Cyc. 2466; (10) Evidence, Key-No. 21, 40 Cyc. 2435; (11) Witnesses, Key-No. 248(2), 40 Cyc. 2444; (12) Sales, Key-No. 416(2), 35 Cyc. 631.

---

STATE, Respondent, v. BECHTOLD, Appellant.

(203 N. W. 511.)

(File No. 5358.   Opinion filed April 18, 1925.)

1. **Criminal Law—Trial—Instructions—Refusal of Instructions Covered by Other Instructions Held Proper.**

    Refusal of requested instructions is not erroneous where those given cover the law and all of proper requested instructions.

2. **Criminal Law—Appeal and Error—New Trial—Accused Not Entitled to New Trial Because of Improper Cross-examination.**

    In burglary trial, questions to accused on cross-examination over accused's objections which were sustained, whether he owned a certain gun, and whether he took it with him the evening before the burglary to a conference with others implicated, held not ground for new trial; the evidence being admissible and the mere fact of its attempted introduction as part of accused's cross-examination instead of its being first brought out as part of the state's case not being ground for new trial.

3. **Criminal Law—Trial—Accused Not Prejudiced by Cross-examination.**

    Where accused was convicted of third degree burglary for burglary of jewelry, and was asked upon cross-examination, over objections, which were sustained, whether he had ever been mixed up in a similar transaction before, and whether he ever stole jewelry before, which questions he was not required to answer, he was not prejudiced.

4. **Criminal Law—Trial—Attorney and Client—Ruling on Motion Based on Improper Argument of Counsel Not Reversed Except for Abuse.**

    New trial for misconduct of attorney in his argument is largely discretionary with trial court, and appellate court will not reverse unless discretion is plainly misused.

5. **Criminal Law — New Trial — Newly Discovered Evidence — New Trial for Newly Discovered Evidence Held Properly Denied.**

In burglary trial, trial court did not abuse its discretion in denying new trial. for newly discovered evidence, where the only affidavit containing statements not immaterial or hearsay was that of one of the participants in the burglary, who was in the county jail during all the time of trial, and could have been interviewed by accused's counsel at any time during the trial.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Leo Bechtold was convicted of burglary in the third degree, and he appeals. Affirmed.

*Lynch & Doyle,* and *Albert M. Freeman,* all of Sioux Falls, for Appellant.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

(3) To point three of the opinion, Appellant cited: State v. LaMont, 23 S. D. 177; Richardson v. Gage, 28 S. D. 390.

(4) To point four, Appellant cited: State v. Fournier (Minn.), 122 N. W. 329; People v. Jensma (Mich.), 147 N. W. 600; State v Kaufman, 195 N. W. 447.

SKINNER, Circuit Judge. The appellant in this action was tried in the circuit court of Minnehaha county, S. D., upon an information charging him with the crime of burglary in the third degree committed on the 16th day of September in the year 1922 in said county and state. The appellant was not present at the commission of the offense, and it was claimed by the state that he aided and abetted in the commission thereof. He was found guilty by the jury and sentenced to 5 years in the penitentiary. The appellant moved for a new trial which was denied, and this appeal is taken from the order denying him a new trial, and from a judgment rendered in said action.

On September 16, 1922, Carroll Denbow, Roy Lage, Lawrence Johnson, whose nickname was "Gotch," and one Jones broke into the depot of the Chicago, Milwaukee Railway Co., at Sioux Falls, S. D., and stole two trunks containing jewelry valued at $50,000, belonging to L. Gutman & Sons.

On the trial of this action, Carroll Denbow and Roy Lage were the principal witnesses for the state. They testified that appellant was the one who proposed and formulated the plan to steal these trunks wherever they might be found, and that it was agreed that he was to have one fifth of the property secured by the theft. They testified as to their association with the appellant for some time prior to and up to the day of the commission of the offense, and other witnesses testified to the fact that a conference was had between appellant and these witnesses on the evening preceding the time when this offense was committed, and appellant also testified to such association, and to that particular conference on that evening. Appellant contends that the evidence was not sufficient to justify the jury in returning a verdict of guilty on the theory that the testimony of the accomplices, Carroll Denbow and Roy Lage, was not corroborated. We shall not attempt to review the evidence herein, but after careful consideration of the record we find that the accomplices were corroborated by other evidence which tends to connect the appellant with the commission of the offense charged, and we think this evidence is sufficient to meet the requirements of our statute in accordance with cases which have been decided by this court.

[1] Appellant assigned over 140 errors which he claims the court committed during the trial of this action. We fail to find any errors in the rulings of the trial court on the trial of this action, which were prejudicial to the appellant. The instructions given to the jury by the court clearly state the law, and cover all of appellant's proper requested instructions, therefore there was no error on the part of the trial court in refusing to give the instructions requested by appellant.

[2] Appellant claims that there was misconduct on the part of the state's attorney and the court at the trial of this case which was prejudicial to him and prevented him from having a fair and impartial trial. Certain questions were propounded by the state's attorney to the appellant upon cross-examination over appellant's objections, which were sustained by the court, and are as follows:

"State to the jury whose gun that is (indicating.)"

"Mr. Bechtold, didn't you, at the time you were arrested in connection with this case, own this gun which I hold in my hand,

and wasn't it at that time at Roy Lage's room at 230 North Prairie avenue?"

"And didn't you on or about that date take that gun out of Milwaukee station get this gun, take it out of a drawer or some receptacle and take it down in what you call the 18 Carat Shop along about 6 o'clock in the evening?"

"And didn't you on or about that date take that gun out of the drawer there and take it up to 230 North Prairie and leave it there, and isn't that the last time you saw that gun?"

If the gun was found at 230 North Prairie avenue at the Butler home where the state claims that Lage, Denbow, and the appellant had their conferences on the evening before the burglary was committed, and the appellant testified that he was at that place at that time in company with Denbow and Lage, then surely the state had the right to inquire as to what was done at that place.

The court in passing upon the motion for a new trial evidently believed that the state's attorney acted in good faith in trying to introduce this testimony as part of the cross-examinaion of the appellant. If the witness Lage or Denbow had testified to the transaction it might have been damaging testimony, but nevertheless, it would have been admissible, and the mere fact that the state's attorney tried to introduce it as a part of appellant's cross-examination instead of first bringing it out as a part of the state's case would not be ground for granting the defendant a new trial. The transactions between Lage, Denbow, and the appellant the night before this burglary could certainly be shown by any competent testimony, and if Bechtold's revolver was loaned or given to Lage it would be a circumstance that could have been considered by the jury if properly introduced in evidence.

[3] The state's attorney also asked the appellant upon cross-examination, over objections, which were sustained, the following questions:

"Were you ever mixed up in a transaction like this before?"

"Did you ever steal any jewelry before?"

The appellant as a witness on cross-examination could have been asked for the purpose of testing his credibility, if he had ever pleaded guilty to or been convicted of a criminal offense. Moberg v. Scott, 42 S. D. 372, 175 N. W. 559; State v. Kent, 4

N. D. 577, 62 N. W. 631, 27 L. R. A. 686; State v. Pancoast, 5 N. D. 516, 67 N. W. 1052, 35 L. R. A. 518; Underhill on Criminal Evidence (3d Ed.), p. 131, § 115.

[4] It would seem clear from these authorties that if the appellant on cross-examination had been asked the questions:

"Were you ever convicted of the crime of burglary in the third degree?"

"Were you ever convicted of the crime of grand larceny or petit larceny?"

There could have been no objection to such questions. That the state's attorney did not put his questions in just the proper form was, no doubt, the reason why the court sustained the objections, interposed by appellant's counsel. He was not required to answer the questions at all, and we do not see that he was prejudiced by the mere fact that the questions were asked and objections to the same sustained.

There is nothing in the record showing any improper conduct on the part of the state's attorney in his argument to the jury. This court in Lindsay v. Pettigrew, 3 S. D. 199, 52 N. W. 873, says:

"We recognize the rule that the conduct of the trial and the line of argument counsel are permitted to pursue rests largely in the discretion of the trial court; that the granting or refusing of a new trial for irregularities of parties or attorneys, or the misconduct of the attorney in his argument, rests largely in the discretion of such court. We further recognize the fact that this court will not reverse the decision of the court below on a motion for a new trial, where, as in this case, the facts are fully within the knowledge of the court except in a case where this discretion is plainly misused."

[5] Appellant's assignment of error No. 141 is as follows:

"That new evidence has been discovered material to the defendant and which he could not with reasonable diligence have discovered and produced at the trial of the action."

And appellant claims that the court erred in not granting a new trial on this ground. Counsel for appellant presented the affidavits of three parties, L. D. Capps, Lawrence Johnson, and Glenn Knott. The statement contained in the affidavit of Capps

is immaterial, and that of Glenn Knott is purely hearsay. The only affidavit which should be considered by the court on this question is the affidavit of Lawrence Johnson. His nickname was "Gotch," and he was one of the parties who participated in the burglary. He was in jail in Minnehaha county during all the time that the trial was in progress, and could have been interviewed by the appellant's counsel at any time during the trial, and the court evidently was of that opinion. We do not think the trial court abused its discretion in denying a motion for a new trial on that ground. The motion for a new trial was properly denied.

The judgment of the trial court and the order denying motion for new trial are affirmed.

SKINNER, Circuit Judge, sitting in lieu of ANDERSON, J., disqualified.

CAMPBELL, J., not sitting.