FLATHERS, Respondent, v. WILSON & CO., et al, Appellants.

(255 N. W. 149.)

(File No. 7627.   Opinion filed June 1, 1934.)

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Appellants.

*Peck & Wall,* of Sioux 'Falls, for Respondent.

RUDOLPH, J.   ■ ■   The plaintiff, by his guardian ad litem, brought this action to recover damages for injuries he sus-

tained when struck by an automobile driven by the defendant Herman. Herman at the time of the accident was an employee of the defendant Wilson & Co., which was engaged in a general taxicab business, and was acting within the scope of his employment. At the trial the defendant Herman was called for cross-examination by the plaintiff, and, as a part of that examination, the record shows the following:

"Q. You pleaded guilty here in this county once and got a jail sentence, didn't you Mr. Herman? .(That is objected to as incompetent, irrelevant and immaterial. Overruled.) A. Yes, sir.

"Q. That was some years ago? A. Yes, sir.

"Q. What was that charge? A. That was speeding."

The appellant has assigned as error the reception of such evidence as just quoted.

This court in the case of Richardson v. Gage, 28 S. D. 390, 133 N. W. 692, 694, Ann. Cas. 1914B, 534, stated:

"In this state the rule of veracity character, as expressed in the practice of impeachment by general bad reputation for truthfulness in the community, has been recognized and adopted, and convictions for crime of such kinds as may be relevant to veracity character may be shown either by the record of conviction or upon cross-examination. And in this respect the rule is the same in both civil and criminal actions. But the rule has not been extended beyond these limits."

The rule has not been extended in this state since the case of Richardson v. Gage, supra, and we are of the opinion that it should not now be extended. We believe the rule announced to be in accord with the general weight of authority. See 40 Cyc. 2607, and cases cited. The respondent contends that some different rule was established by this court in the case of State v. Caldwell, 58 S. D. 246, 235 N. W. 649, 651. In that case, appearing in the statement of facts in the opinion, there is the following:

"She was then asked whether she had ever before been convicted of crime. She stated that she had not. The state's attorney then asked: 'Are you sure of that?' This was objected to as misconduct, objection overruled, and exception allowed. She then admitted that on May 14, 1928, she had pleaded guilty in the municipal court of Sioux Falls to a charge of petit larceny, and on

August 8, 1928, had pleaded guilty in the same court to the charge of aiding and assisting Annie Nelson to escape from an officer."

However, while the above appears in the court's statement of the case, it will be noticed that the court did not directly pass upon the question therein involved. An examination of the record in the Caldwell Case discloses that the defendant shortly after her arrest made certain admissions and confessions; upon her direct examination she had stated that these admissions and confessions were made because she was excited and frightened on account of her arrest. The evidence above set out was introduced in part at least to show that being arrested was not such a new experience as to cause her undue alarm, and cause her to make statements in her confession that were untrue. It is unnecessary for us to give an opinion to the effect that the evidence in the Caldwell Case was properly received for the purpose above indicated. It is sufficient to state that there was no intent in the Caldwell Case to establish any rule different from that announced in the case of Richardson v. Gage, supra.

That pleading guilty to a charge of speeding is not "relevant to veracity character" we believe so apparent that it needs no discussion, and we are satisfied that it was error to admit the testimony in this case. Such testimony was not competent or material upon any issue in the case, and while we, of course, are unable to say what effect this testimony had upon the jury, the very nature of the testimony was such that it might have been, and in all probability was, prejudicial.

Respondent takes the position that because there was no objection by appellant to the last question above quoted, that is, the question, "What was the charge?" appellant has no record upon which error might be predicated. We do not agree. Appellant saved his exception to the first question, which was overruled by the court, and answered in the affirmative. Appellant was then faced with the situation of letting the jury surmise as to the nature of the offense, or having them advised of its exact nature, and trust that it would not in fact be prejudicial. The error occurred in that the original question failed to show the nature of the offense. Before evidence of a former conviction becomes material for the purpose of attacking credibility, it must appear from the

inquiry concerning such conviction that the offense involved was one "relevant to veracity character."

We are of the opinion further that the objection was sufficient in form to present the question to this court. As will be noted, the form of the objection is that the testimony solicited was "incompetent, irrelevant and immaterial." The court has held that such a general objection is insufficient unless it appears that the objection could not have been obviated had the same been specifically pointed out. Caledonia Gold Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426, 429; Pitts Agri. Works v. Young, 6 S. D. 557, 62 N. W. 432; State v. La Croix, 8 S. D. 369, 66 N. W. 944; McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341; State v. Devers, 32 S. D. 473, 143 N. W. 364. The basis of the rule is clearly stated in the early case of Caledonia Gold Mining Co. v. Noonan, supra, wherein the court said:

" 'It is well established that the courts do not favor any unfair or secret mode of raising an objection, and therefore any objection which might have been fairly answered if reasonably made, will be disregarded on appeal unless specifically taken below.' * * *

"If the objection goes to the merits and cannot be obviated, then a general objection may suffice, because in such case the evidence cannot be made available to the party by any subsequent acts."

We are satisfied from the record here presented that the court was fully advised as to the purpose of the objection, and it is clear that, no matter how specific the objection might have been made, the objection could not have been obviated. The objection went to the merits of the question, and did not involve something which could have been remedied had the objection been more specific in its nature.

The judgment and order appealed from are reversed.

All the Judges concur.