HOPP, Respondent, v. Thompson, Appellant

(38 N. W.2d 133.)

(File No. 9015. Opinion filed June 13, 1949.)

**C. R. Jorgenson,** Watertown, **Clarence Anderberg,** Sisseton, for Appellant.

**Wm. J. Holland,** Sisseton, **Lewis W. Bicknell,** Webster, for Respondent.

SICKEL, J.   This is an action to recover damages for assault and battery.   Defendant owns and manages the Thompson Hotel in Sisseton.   On the evening of June 21, 1946, plaintiff entered the hotel and a fracas occurred in which both parties were injured.   Plaintiff brought the action to recover his damages and defendant filed an answer denying liability.   Defendant also pleaded a counterclaim for the damages which he claims were sustained by him. The jury returned a verdict for plaintiff in the sum of $10,249 upon which judgment was entered and defendant appealed.

The first question presented is the sufficiency of the evidence to justify the verdict of the jury.   Respondent testified that he entered the hotel in response to the invitation of a guest; that appellant, without just cause, ordered him to leave the hotel; that he started to leave, as ordered, when appellant assaulted and beat him with a piece of iron pipe thereby causing unconsciousness, severe cuts and bruises on his scalp and body, and injuries to his brain.   His claim to damages consists of hospital and physicians' expense, loss of time, pain and suffering, both present and future, besides exemplary and punitive damages.

Appellant denied all of these contentions of respondent. He testified that respondent was a stranger to him and was not a guest at the hotel.   That when respondent entered the hotel it was about 11 o'clock in the evening which was closing time; that respondent started to go upstairs and as he did so appellant repeatedly asked him who he was and what he wanted to which respondent made no reply; that appellant then told respondent to come down and go home; that respondent still refused to go and thereupon appellant tapped him lightly on the shoulder and told him to get out; that respondent did not leave as ordered and that appellant told him that appellant would call an officer; that when appellant picked up the telephone receiver respondent assaulted him and took the receiver from him.   At this time appellant says he picked up a short piece of pipe, tapped respondent on the shoulder with it and again ordered him to leave and that respondent still refused to go; that a scuffle

ensued in which appellant hit respondent on the shoulder and respondent grabbed appellant by the neck with both hands; that during this time appellant struck respondent on the back of the head with the pipe; that the parties were on the floor part of the time; that appellant called for help, which came, and then the struggle ended. Appellant contends that he struck respondent only to subdue him and that he used no more force than he thought was necessary for that purpose.

It is the general rule that "an inkeeper gives a general license to all persons to enter his house. Consequently, it is not a trespass to enter an inn without a previous actual invitation", but, "Where persons enter a hotel or inn, not as guests, but intent on pleasure or profit to be derived from intercourse with its inmates, they are there, not of right, but under an implied license that the landlord may revoke at any time". 28 Am. Jur., Innkeepers, § 133. The respondent did not enter the hotel as a guest nor with the intention of becoming one and it was his duty to leave peaceably when ordered by the landlord to do so, and in case of his refusal to leave on request appellant was entitled to use such force as was reasonably necessary to remove him. 6 C. J. S., Assault and Battery, § 20.

Here respondent denies that he refused to leave when ordered to do so. He also denies that he knowingly assaulted or beat appellant. He testified that he walked toward the desk, then turned to go out, and that the next thing he remembered he was standing outside on the street covered with blood. This record presents a substantial conflict in the evidence. The jurors are the exclusive judges of the weight of the evidence and the credibility of the witnesses, and therefore this court could not substitute its judgment for the verdict. Johnson v. Gilmore, 6 S. D. 276, 60 N. W. 1070; Stolle v. Stuart, 21 S. D. 643, 114 N. W. 1007; Bailey v. Walton, 24 S. D. 118, 123 N. W. 701.

Counsel asked plaintiff on cross-examination whether he had been convicted in municipal court at Sioux Falls on charges of disturbing the peace. Objections to this line of cross-examination were sustained. Defendant then offered

in evidence the judgments of the municipal court for the purpose of proving the convictions, to which objections were also sustained. These rulings are assigned as error.

Evidence that a witness has been convicted of crime may be admissible as affecting his credibility, and when such convictions are admissible they may be shown either on cross-examination or by the record of conviction. Richardson v. Gage, 28 S. D. 390, 133 N. W. 692, Ann. Cas. 1914B, 534; Moberg v. Scott, 42 S. D. 372, 175 N. W. 559; State v. Bechtold, 48 S. D. 219, 203 N. W. 511; Flathers v. Wilson & Co., 62 S. D. 548, 255 N. W. 149; State v. Sweeney, 72 S. D. 201, 31 N. W.2d 758. It appears from the exhibits that plaintiff pleaded guilty to charges of violating an ordinance of the City of Sioux Falls. Judgment upon such a charge is not a conviction of crime, and may not be used to affect the credibility of a witness. 70 C. J., Witnesses, § 1052; State v. Crawford, 58 Ore. 116, 113 P. 440, Ann. Cas 1913A, 325 and note page 327.

The next assignment of error relates to respondent's proposed instruction number 5 regarding justification for use of a dangerous weapon. Appellant excepted to this proposed instruction and the court marked it "refused". Then the refused instruction was modified, and as modified it was proposed by the court, and given without exception.

Another assignment argued in appellant's brief is the refusal of the court to give appellant's proposed instruction number 10. This proposed instruction reads as follows: "You are further instructed that, where there is great disparity in the ages of the parties or in their physical condition, the older and weaker may be justified in using a dangerous weapon to repel a violent attack by the other although the assailant is unarmed, if it reasonably appears to the older or weaker under the circumstances that surround him at the time that the employment of such weapon is necessary for his own protection; and if you find from the evidence in this case that there was such disparity in either age or physical condition you have a right to take that into consideration together with all the other facts and circumstances proven in this case." The rule applicable

to this kind of instruction is stated in 53 Am. Jur., Trials, § 566 as follows: "The trial court in charging the jury should avoid so far as possible the singling out and unduly emphasizing of any one or more of the facts or items of evidence and the giving of undue prominence or emphasis to them by commenting upon them to the exclusion or subordination of equally important facts and evidence. It may properly refuse requests subject to such objection. No instruction should be given which will have the effect of emphasizing one view or aspect of the case, or one item of evidence, and of ignoring or minimizing the importance of others. To call especial attention to an isolated fact may lead the jury to the opinion that the fact thus made prominent is of greater significant and weight than other unmentionted facts in the case which may be of no less importance. Instructions should neither give undue emphasis to nor minimize specific facts or circumstances." The proposed instruction singles out and emphasizes items of evidence regarding disparity in the age and physical condition of the parties and advises the jury that they may consider these matters in arriving at a verdict, and the proposed instruction, therefore, violates the rule stated above. It seems that such overemphasis cannot be avoided except by reviewing all the evidence. As said by Winslow, J., in Sullivan v. Mauston Milling Co., 123 Wis. 360, 101 N. W. 679, 680, "The rehearing of the testimony is a delicate task, and it may be questioned whether it is wise to attempt it when the facts are at all numerous or complicated. If done at all, it should cover all the essential facts on both sides."

The jury was clearly instructed as to the law and the issues of fact involved in the case. They were instructed "that the party attacked is obliged in the very nature of the case to exercise his best judgment at the time as to what shall be done in his own defense, and his judgment is one which, if honestly exercised, is to a large extent controlling." The court further instructed the jury that in order to recover plaintiff must prove by a preponderance of the evidence that defendant used more force than was necessary in removing plaintiff from his place of business. The jury

was further instructed as to the burden of proof and the credibility of the witnesses, and they were advised that they were the exclusive judges of all questions of fact. The testimony in regard to disparity in age and physical condition was a matter of legitimate comment by counsel during the argument to the jury but was not a proper subject for special comment by the court in its instructions.

Other assignments of error relating to rulings on evidence have been given careful consideration and we find them to be without merit.

The judgment of the circuit court is affirmed.

All the Judges concur.