STATE, Respondent v. OLSON, Appellant

(158 N.W.2d 526)

(File No. 10422. Opinion filed April 26, 1968)

■

**C. L. Anderson,** Sioux Falls, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Keith A. Tidball,** Asst. Atty. Gen., Pierre, **Roger A. Schiager, Sam D. Sechser,** Sioux Falls, for plaintiff and respondent.

HANSON, Presiding Judge.

Defendant Leslie L. Olson was convicted of the crime of Embezzlement by Bailee. The ultimate question on appeal is whether the trial court erred in refusing to grant a mistrial.

During cross-examination of defendant the following proceedings took place:

"Q Have you ever been convicted of a crime involving moral turpitude?

MR. ANDERSON: We will object to this, Your Honor, being an attempt to hold this man up to ridicule, and ask that the Court strictly admonish this Counsel and admonish the jury to disregard such questions.

THE COURT: You are asking about a conviction of a felony?

MR. SECHSER: Ever been convicted of a crime involving moral turpitude.

THE COURT: It is your contention this goes to the veracity?

MR. SECHSER: Yes, sir.

THE COURT: Is this for the purpose of impeachment?

MR. SECHSER: Yes, sir.

THE COURT: I will let you ask him if he was ever convicted of a felony.

MR. SECHSER: Withdraw the question.

MR. ANDERSON: At this time, Your Honor, I ask that this Court declare a mistrial. My client is held up to ridicule on a question that is totally baseless.

THE COURT: Well, the motion will be denied. The question was asked and there was no answer permitted,

the jury should draw no inferences from it and should completely disregard the question and put the same entirely out of your minds and give it no consideration."

This is the only ruling challenged on appeal.

 At common law conviction of an infamous crime rendered the convicted person incompetent as a witness. This rule has been abrogated in South Dakota except for the crimes of perjury and subornation of perjury. SDC 1960 Supp. 36.0105. Now, the person charged in any criminal trial may "at his own request, but not otherwise, be a competent witness", SDC 1960 Supp. 34.3633. If a defendant in a criminal action voluntarily waives his constitutional and statutory privilege and elects to testify in his own behalf, the credibility of his testimony may be tested the same as any other witness. State v. Sonnenschein, 37 S.D. 585, 159 N.W. 101. Conviction of prior, independent, and unrelated crimes which impair the credibility of the defendant are generally admissible. However, in this state no clear rule has been written or consistently followed as to the nature, type, or degree of crimes admissible for this purpose. The early case of State v. Tarlton, 22 S.D. 495, 118 N.W. 706, seemingly approved impeachment of defendant's credibility by the record of conviction of some infamous crime. In State v. La Mont, 23 S.D. 174, 120 N.W. 1104, the court expressed approval of the rule allowing conviction of criminal offenses involving moral turpitude to be "shown by cross-examination, or otherwise, where the defendant goes upon the witness stand as a witness in his own behalf, for the purpose of affecting the weight and credibility of his testimony." Perhaps the landmark case on this subject is Richardson v. Gage, 28 S.D. 390, 133 N.W. 692, in which the court discussed the subject at length and concluded that "In this state the rule of veracity character, as expressed in the practice of impeachment by general bad reputation for truthfulness in the community, has been recognized and adopted, and convictions for crime of such kinds as may be relevant to veracity character may be shown either by the record of conviction or upon cross-examination." See also Flathers v. Wilson & Co., 62 S.D. 548, 255 N.W. 149, and State v. McCreary, 82 S.D. 111, 142 N.W.2d 240. Despite

the various restrictive rules the conviction of any criminal offense was deemed proper and admissible to impeach defendant's credibility in the following cases: Moberg v. Scott, 42 S.D. 372, 175 N.W. 559; State v. Bechtold, 48 S.D. 219, 203 N.W. 511; Hopp v. Thompson, 72 S.D. 574, 38 N.W.2d 133; and Allen v. McLain, 75 S.D. 520, 69 N.W.2d 390. The terms "moral turpitude" and "crimes relevant to veracity character" defy explicit definition. A defendant who takes the witness stand should not be required to explain or defend against any and all past criminal offenses regardless of degree or relevancy to veracity character. According to the Uniform Rules of Evidence, Rule 21 and the Model Code of Evidence, Rule 106 such impeachment should be limited to conviction of crimes "involving dishonesty or false statement." This rule has considerable merit, but is too restrictive in our opinion. In addition, the conviction of any felony should be admissible for this purpose.

In the present action it was improper for the State's Attorney to ask defendant on cross-examination if he had ever been convicted of a crime involving moral turpitude. An intelligent informed answer could hardly be anticipated. However, prompt objection was made to the question. No clarification was requested and defendant was not obligated to attempt an answer. In addition, the trial court promptly, fully, and clearly admonished the jury to disregard the question and give it no consideration. Under the circumstances, the mere asking of the question did not constitute prejudicial or reversible error. State v. Bechtold, 48 S.D. 219, 203 N.W. 511.

Affirmed.

RENTTO, BIEGELMEIER and HOMEYER, JJ., concur.

ROBERTS, J., concurs in affirmance.

ROBERTS, Judge.

I concur in so much of the opinion as holds that there was no prejudicial error.