FANNING, Petitioner v. STATE, Respondent

(180 N.W.2d 853)

(File No. 10800. Opinion filed October 21, 1970)

**David V. Vrooman,** Sioux Falls, for petitioner.

**Gordon Mydland,** Atty. Gen., **R. James Zieser,** Asst. Atty. Gen., Pierre, for respondent.

BIEGELMEIER, Judge.

Petitioner was found guilty by a jury of a crime and sentenced to the state penitentiary. At the preliminary hearing and at the trial he was represented by an attorney of his own choice and hiring. He did not appeal from the judgment and sentence. Subsequently he filed a petition for·post-conviction relief at which petitioner, who appeared by a court-appointed attorney other than the one who represented him at the trial, submitted the petition on all the files and records of the criminal action including a complete transcript of all the proceedings including the evidence received at the preliminary hearing, arraignments and the trial. He testified at the trial, but did not introduce any oral testimony at the post-conviction hearing. The post-conviction court denied the petition.

During oral arguments petitioner's counsel contended that every error which could be assigned and urged for reversal on a timely direct appeal from the judgment could likewise be assigned and urged in a proceeding under our Uniform Post-Conviction Act, SDCL 23-52. Neither the Act nor the court's opinions support this claim. SDCL 23-52-1, set out in a footnote, grants the right to institute the proceeding.[1]

---

1. "**23-52-1. Right to institute proceeding to secure relief from conviction or sentence.**—Any person convicted of a crime and under sentence of death or imprisonment who claims that the conviction was obtained, or that the sentence was imposed, in violation of the Constitution of the United States or the Constitution or laws of this state, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy, may institute a proceeding under this chapter to secure relief from the conviction or sentence."

SDCL 23-52-2 of the Act then states:

**"Other remedies unaffected.**—The remedy provided in this chapter is not a substitute for nor does it affect any remedies which are incident to the proceedings in the trial court, or any remedy of direct review of the sentence or conviction."

This was followed by the court writing in State v. Roth, 84 S.D. 44, 166 N.W.2d 564, that a "post-conviction proceeding is not a retrial by the court of the issues which the jury determined, nor is it a substitute for the remedy of direct review of the trial."

■ Remedies available to a defendant after trial are arrest of judgment—SDCL 23-47, a new trial—SDCL 23-50, appeal to the Supreme Court—SDCL 23-51, habeas corpus— SDCL 21-27, and the Act under which petitioner brought this proceeding. The purpose of the Act was to provide a plain but comprehensive procedure to test the validity of the judgment or sentence. It includes the seven grounds available for grants of writs of habeas corpus (SDCL 21-27-16 and see State ex rel. Burns v. Erickson, 80 S.D. 639, 129 N.W.2d 712) and the common law writ of coram nobis. See Coram Nobis, Etc., 18 Am.Jur.2d. The Act does not limit a convicted person to the record in the trial court; it also permits the introduction of testimony aliunde the record, if necessary, to support claims that would entitle petitioner to relief under the Act.

■ Measuring petitioner's claims and the record by the scope of the Act, concededly the circuit court wherein petitioner was tried had jurisdiction to hear and try the action and impose the sentence, and it did not exceed the maximum imposed by law. Petitioner is required not only to assert but has the burden to prove[2] his conviction was obtained by violation of some provision of the Constitution of the United States or the constitution or laws of this state or the conviction was otherwise subject to collateral attack as the Act sets

---

2. State v. Roth, 84 S.D. 44, 166 N.W.2d 564.

out. This means they must be such violations as are denials of due process which, in a criminal case, undermine the jurisdiction of the court whereby the court loses jurisdiction[3] or similar constitutional violations in the field of search and seizure, confessions, right to counsel and other such errors by which the court loses jurisdiction. A reading of State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441, indicates our courts in habeas corpus proceedings as early as 1949 were recognizing that challenges of deprivation of constitutional rights could be made and evidence received to support them outside the original record.

Other than the situations so excepted, what was written by the court in State ex rel. Ruffing v. Jameson, 80 S.D. 362, 123 N.W.2d 654, about the scope of habeas corpus applies also to the Act and is repeated here. There the court said:

"Review of claims of error on appeal from a judgment sentencing a defendant or an order denying a new trial * * * stand in a different posture than the review on habeas corpus. Habeas corpus cannot be utilized as a substitute for appeal. (citations) Errors and irregularities in the proceedings of a court having jurisdiction of the person, subject matter and power to decide questions of law, are not reviewable though they may have been grounds for reversal on direct appeal. Jurisdiction is the power to hear and determine a controversy and to render judgment in accord with law. Excepting those actions in which the court may lose jurisdiction by a denial of due process (see State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441) this power includes the power to decide wrongly as well as rightly, to render an erroneous judgment as well as a correct one. Yet jurisdiction is not thereby lost. * * * If error occur the remedy is by appeal. * * *

"It is the duty of the trial judge to determine questions of law. SDC 34.3629. In so doing he

3. State ex rel Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441, and State ex rel. Ruffing v. Jameson, 80 S.D. 362, 123 N.W.2d 654.

makes rulings * * * Review of these determinations is wholly by appeal. * * * It is of no concern now if objections were or were not made to the instructions. Defendant could have done so then and raised the question on a motion for a new trial, SDC 34.40, or by appeal. Failure to do so in either the trial or appellate court is a waiver of the objection. * * * This applies to any error claimed to have occurred prior to and including the sentence which he could have asserted in either court. The judgments have become final and res judicata so far as this petitioner is concerned."

Much the same was said in State ex rel. Burns v. Erickson, 80 S.D. 639, 129 N.W.2d 712, where one of the issues that may be litigated in a post-conviction habeas corpus was stated to be where an incarcerated defendant has been deprived of "basic constitutional rights."

While it is unnecessary and may be impossible to describe errors that may entitle a person to relief under the Act, it is apparent on the record that all of the claimed errors could have been and should have been asserted by a motion for a new trial or by direct appeal to this court; that none of them is jurisdictional in effect, State v. Paul, 80 N.M. 521, 458 P.2d 596, or of such import to permit a court to grant relief in a post-conviction proceeding.[4] The opinion could and should so dispose of the appeal, yet we mention some of the claims to indicate their nature and thus how they were considered.

■ The claims that the Amended Information included a new charge, that it was not read to petitioner and that he was not arraigned on it find no support in the record. It is almost word for word with the preliminary information for

---

4. Discussions of post-conviction remedies may be found in 19 Wyo.L.J. 213; 1965 Wis.L.Rev. 52; 24 Ark.L.Rev. 57; 46 Neb. L.Rev. 135; 47 Neb. L.Rev. 722; 50 A.B.A. Journal 928, and See Standards Relating to Post-Conviction Remedies, approved draft of A.B.A. Advisory Committee on Sentencing and Review, March 1968.

which petitioner was held to answer in circuit court after a preliminary hearing except it charged the battery was committed willfully, unlawfully, without justifiable or excusable cause by means of a blunt instrument likely to produce death and with intent to do "great" bodily harm, while the Amended Information charged it was done with a dangerous weapon and with intent to do bodily harm (omitting the word "great"—a word not necessary under SDCL 22-18-10). The fact the first Information was titled as an "ASSAULT WITH INTENT TO DO GREAT BODILY HARM" or that some discussion took place between counsel and the trial judge about the charge was of no consequence. While the title does not affect the body of the charge, the Amended Information upon which petitioner was tried and convicted was titled "Assault & Battery with a Dangerous Weapon". Finally, the record shows affirmatively a copy of the Amended Information was given to petitioner and his attorney and "read aloud and in full" to him; petitioner and his attorney each stated on the record they had no objection to it. Immediately thereafter the court allowed the Amended Information to be entered and filed and petitioner entered his plea of not guilty to it as he did to the prior information. This claim is utterly without merit.

Petitioner testified at the trial on his own behalf and complains the state's attorney asked questions which were prejudicial to him and deprived him of a fair trial. When petitioner indicated he desired to testify, a hearing was held out of the presence of the jury where his attorney advised petitioner about his right to remain silent and not testify and warned him he would be subject to cross-examination as to prior crimes. The trial judge also made this clear to him. Petitioner stated to them it was still his decision to take the witness stand. During the direct examination by his attorney in which he gave his version of the encounter, he was asked if he had had a brush with the law on a felony matter in California and was convicted of a felony in Wyoming Federal Court, both of which he admitted. On cross-examination, when asked by the state's attorney to tell of the felonies of which he was convicted, he testified he was convicted of grand larceny in California and in the Federal Court in

Wyoming for interstate transportation of a stolen motor vehicle. He was then asked if he was ever convicted of grand larceny in Seattle, Washington, or the Dyer Act in Wisconsin or Colorado, to which he answered "No". It is on these questions petitioner bases his claim of prejudicial misconduct of the state's attorney. The court has said conviction of any felony should be admissible for the purpose of testing the credibility of a witness. State v. Olson, 1968, 83 S.D. 260, 158 N.W.2d 526.

The Nevada court was presented with this question in a series of recent cases. It said in Fairman v. State, 1967, 83 Nev. 287, 429 P.2d 63, that it was error for the prosecution to ask a question about a prior felony conviction when it was unprepared to prove its existence in the event of denial by the defendant witness, though it was held harmless error because of the court's admonition to the jury to disregard the question. Colle v. State, 1969, Nev., 454 P.2d 21, approved the court's denial of a mistrial where there was no evidence of bad faith of the prosecutor who relied on a "rap sheet" received from the F.B.I. Quoting from the Fairman opinion in Boley v. State, 1969, Nev., 456 P.2d 447, the court held the error harmless and affirmed a conviction because of the trial court's admonishment to the jury to disregard the question where it found the prosecution had asked the question in good faith and in reliance upon an official government record which proved to be erroneous. The opinion announced that in any later criminal case in which the state asks such a question and is not prepared to document the conviction it would review the point with great care. See also State v. Beard, 1968, 74 Wash.2d 335, 444 P.2d 651, where the court said examination of a witness by the state with regard to prior convictions, when the prosecutor was unwilling or unable to prove the alleged convictions upon the witness' denial, had been condemned in prior cases of that court and held such conduct did constitute error.

All the cited opinions concerned and were written on direct appeals from the judgment and not from orders made in post-conviction remedies. Misconduct of counsel is ground for a new trial, SDCL 23-50; State v. Brown, 81 S.D.

195, 132 N.W.2d 840; State v. Norman, 72 S.D. 168, 31 N.W. 2d 258; State v. Bechtold, 48 S.D. 219, 203 N.W. 511, and in the event of denial of a new trial a direct appeal may be taken from the judgment and the denial may be urged as a reason to reverse the judgment. On direct appeals the courts have held such questions not misconduct sufficient to reverse where defendant did not make a motion for appropriate corrective action, such as a motion for a mistrial or request an admonition by the trial court. As stated in an earlier opinion and quoted in State v. Beard, supra, 74 Wash.2d 335, 444 P.2d 651:

> "If 'misconduct occurs, the trial court must be promptly asked to correct it. Counsel may not remain silent, speculating upon a favorable verdict, and then, when it is adverse, use the claimed misconduct as a life preserver on a motion for new trial or on appeal.' "

Claims such questions are prejudicial must be presented to the trial court and they cannot be first raised on appeal or in post-conviction proceedings as they are not jurisdictional. State v. Paul, supra, 80 N.M. 521, 458 P.2d 596.

■ Petitioner was asked without objection and admitted he had been known as or gone under at least twelve aliases (and some he was not sure of) which appear on a so-called "rap sheet" of a state Bureau of Criminal Investigation where the admitted convictions and the three denied convictions appear under one of the Fanning names. Petitioner testified he had been in jail in Salem with the man he later assaulted and in Omaha with a man who, when he testified by deposition as a witness for petitioner, was confined to a Nebraska penitentiary. In view of the record, it does not appear the questions of the state's attorney were asked in bad faith, Colle v. State, supra, and State v. Bechtold, 48 S.D. 219, 203 N.W. 511. As the judge who presided at the trial and also heard the post-conviction proceeding wrote in his opinion, petitioner's reputation was not sullied or impugned by the questions and no prejudicial or reversible error occurred.

We hold it was not error sufficient to permit relief under our Post-Conviction Act.

While we have discussed some of the petitioner's claims, none of them entitles him to relief under the Act and the Order appealed from is affirmed.

All the Judges concur.