**Maureen C. KELLY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 9146.

District of Columbia Court of Appeals.

Argued Sept. 23, 1975.

Decided Dec. 18, 1975.

R. Kenneth Mundy, Washington, D.C., for appellant.

Michael H. Gertner, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and John A. Terry and Andrea L. Harnett, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, YEAGLEY and HARRIS, Associate Judges.

YEAGLEY, Associate Judge:

Appellant was convicted in a nonjury trial of unlawful entry a violation of D.C. Code 1973, § 22–3102. This appeal followed.

Between the months of January and March, 1974, appellant was seen by the chief of security at the Statler Hilton Hotel on approximately five occasions. He first noticed her in the hotel bar speaking with a guest with whom she later went upstairs. On one occasion when she was in the lobby all night, a police officer assigned to the vice squad told the hotel's security officer that appellant was a prostitute and showed him a copy of her criminal record and her mug shot.

On March 18, hotel security officers again noticed appellant in the hotel. At that time she was once more observed going upstairs with a guest. After about an hour in the guest's room, she came out of the room alone. She was stopped by the hotel security officers and informed of the hotel policy of not allowing any unregistered guests above the lobby. She was also told of the conversation with the police vice squad officer and was read a "barring notice." [1] Furthermore, she was told that if she returned to the hotel, she would be arrested and charged with unlawful entry.

On August 19, security officers were called to the fifth floor of the hotel. They waited outside one of the rooms until appellant emerged with two male companions. She was then placed under arrest.

Appellant was tried without a jury and on her motion for judgment of acquittal

counsel argued that the statute was not applicable to a hotel and accordingly a hotel could not issue a valid barring notice. The court denied the motion relying on *Drew v. United States,* D.C.App., 292 A.2d 164, *cert. denied,* 409 U.S. 1062, 93 S.Ct. 569, 34 L.Ed.2d 514 (1972), and Chief Judge Greene's opinion in *United States v. Bean,* 99 Wash.D.L.Rep. 965 (June 2, 1971). We discern no error in that ruling.

Appellant challenges the reliance of the trial court on *Drew* and *Bean* contending that the cases are not applicable and cannot stand scrutiny. In the *Drew* case, this court held that an unlawful entry conviction would be sustained where appellant Drew failed to leave the complainant's restaurant following a request to leave by one lawfully in charge of the restaurant. In the *Bean* case, .Chief Judge Greene ruled that the defendant could properly be convicted of unlawful entry after a Sears, Roebuck store had excluded him on the basis that he had previously been arrested for shoplifting. Appellant argues that the instant case is factually distinguishable from the other cases since it involved a hotel rather than a restaurant or retail store and the hotel management was no longer "in lawful charge" of the room occupied by appellant's companion, who had leased it.

The proffered evidence that appellant was visiting a legally registered guest at the hotel was properly excluded as inadmissible hearsay. Even if we were to assume *arguendo,* however, that the person she was visiting was legally registered at the hotel, we could still not agree with appellant's contention. It is a general rule that

. . . "an innkeeper gives a general license to all persons to enter his house. Consequently, it is not a trespass to enter

1. The notice said:
   You are hereby notified that you are not permitted entry in the Statler Hilton Hotel, 1001 Sixteenth Street, Northwest. In the future, if you return to the Statler Hilton Hotel and gain entry you may be subject to criminal prosecution for unauthorized entry.

an inn without a previous actual invitation", but, "Where persons enter a hotel or inn, not as guests, but intent on pleasure or profit to be derived from intercourse with its inmates, they are there, not of right, but under an implied license that the landlord may revoke at any time". The respondent did not enter the hotel as a guest nor with the intention of becoming one and it was his duty to leave peaceably when ordered by the landlord to do so, and in case of his refusal to leave on request appellant was entitled to use such force as was reasonably necessary to remove him. [*Hopp v. Thompson*, 72 S.D. 574, 38 N.W.2d 133, 135 (1949)] (citations omitted).

*See also Jenkins v. Kentucky Hotel, Inc.*, 261 Ky. 419, 87 S.W.2d 951 (1935); *People v. Thorpe*, 198 Misc. 462, 101 N.Y.S.2d 986 (Magistrate's Court 1950); *Money v. Travelers' Hotel Co.*, 174 N.C. 508, 93 S.E. 964 (1917). The court in *State v. Steele*, 106 N.C. 766, 11 S.E. 478 (1890), expressed the rule this way:

> The duty and legal obligation resting upon the landlord is to admit only such guests as demand accommodation . . .. The right to demand admission to the hotel is confined to persons who sustain the relation of guests, and does not extend to every individual who invades the premises . . .. The landlord is not only under no obligation to admit, but he has the power to prohibit the entrance of, any person or class of persons into his house for the purpose of plying his guests with solicitations for patronage in their business . . .. [11 S.E. at 482.]

*See also Raider v. Dixie Inn.*, 198 Ky. 152, 248 S.W. 229 (1923); *Money v. Travelers'*

*Hotel Co., supra; Hopp v. Thompson, supra.*

It necessarily follows that if a hotel has the right to exclude someone, and he, or she, receives appropriate notice of his exclusion, that person's subsequent presence in the hotel is without lawful authority. Thus he or she is subject to arrest for the crime of unlawful entry.[2]

In the instant case appellant concedes that she was warned not to return to the hotel. She also admits that she was in the hotel on the evening of August 19, 1974. Consequently, under the authorities cited above, with which we agree, her entrance into the hotel was unlawful being in violation of D.C.Code 1973, § 22–3102.

Appellant also argues for the first time on appeal that *Drew* and *Bean, supra,* are not applicable here because in the instant case there was "state conduct or action which led to the barring notice, allegedly making the otherwise lawful entry of appellant a criminal act." We cannot agree. Appellant does not indicate which amendment to the Constitution she believes would proscribe the action taken here but we note that the only authorities cited in her brief involve racial discrimination brought about by state and city regulations in violation of the equal protection clause of the Fourteenth Amendment. That amendment, of course, applies only to the states and not to the federal government. On the other hand, the Supreme Court has recognized that the concepts of equal protection and due process are not mutually exclusive and further that discrimination can be so unjustifiable as to be violative of due process. *Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 98

---

2. The unlawful entry statute, D.C.Code 1973, § 22–3102, provides:

Any person who . . . being [in or on any public or private buildings] without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of . . . the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor . . ..

L.Ed. 884 (1954). *See also Washington v. United States,* 130 U.S.App.D.C. 374, 401 F.2d 915 (1968). However, we find no problem here of that magnitude. The First and Fifth Amendments apply to and restrict only the federal government and not private persons. *Public Utilities Commission v. Pollak,* 343 U.S. 451, 461, 72 S. Ct. 813, 96 L.Ed. 1068 (1952). We do not find the role played here by the police officer sufficient to convert the private action of the hotel into an essentially governmental act, even assuming that an opposite conclusion would affect the result here.

Appellant seems to imply that she was barred from the hotel solely on the basis of the conversation between the hotel security officer and the police officer. This fails to take into account that the security officer also observed appellant sitting in the lobby all night and that he had observed her previously on several other occasions meeting guests in the bar or lobby with whom she later went upstairs. There was thus an independent basis for the barring of appellant and the barring notice was issued by the hotel. The policy is solely within the hotel's discretion and to be invoked by it when the hotel manager or security officer concludes the person is undesirable. The police lack authority to bar persons from the hotel and evidence is absent that the police officer requested or even suggested that the hotel advise appellant she was prohibited from further entry.

Appellant's other grounds for reversal, namely that the hotel policy was unreasonably and discriminatorily applied and that the government's evidence was insufficient, are without substance.

Accordingly, the judgment appealed from below is

*Affirmed.*