**GARRISON v. HUDSPETH, Warden.**

No. 1948.

Circuit Court of Appeals, Tenth Circuit.

Dec. 19, 1939.

Richard M. Lee, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment denying a petition for a writ of habeas corpus.

An indictment was returned against the petitioner in the District Court of the United States for the Western District of Louisiana containing 26 counts, charging him with violations of 18 U.S.C.A. § 76.

The first count of the indictment charged that on or about August 22, 1937, in the Western District of Louisiana, petitioner, with intent then and there to defraud Mashack Whorton, did knowingly, wilfully, unlawfully, feloniously, and falsely assume and pretend to be an officer and employee acting under authority of the United States, namely, a government physician. Petitioner entered a plea of not guilty to each count of the indictment, and was tried and convicted.

On the first count of the indictment he was sentenced to serve a term of three years in the United States Penitentiary at Leavenworth, Kansas. Imposition of sentences on the remaining counts was suspended and petitioner was placed on probation for a period of five years.

In the petition for habeas corpus, petitioner alleged that he was sentenced to a term of two years on the first count and one year on the second count, and nothing was said as to how these sentences should run; that the court erred in naming the Southwestern Reformatory at El Reno as the place of confinement; that the court erred in charging the jury; that the evidence was insufficient to sustain a conviction; and that the indictment did not charge an offense against the United States.

The challenge to the validity of the sentences is not predicated on fact and is clearly without merit.

■ ■ Errors in instructions and the sufficiency of the evidence to sustain the conviction are not reviewable on habeas corpus. It may not be used as a substitute for an appeal. Moore v. Aderhold, 10 Cir., 108 F.2d 729, decided December 19, 1939.

734

It is well settled that defects in an indictment, not going to the jurisdiction of the court which pronounced sentence, may not be raised on habeas corpus. Hence, on habeas corpus the question is not whether the indictment is vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction. Here, the offenses charged in the indictment were neither colorless nor impossible ones under the law and were sufficient to give the court jurisdiction of the subject-matter and the person of petitioner. Moore v. Aderhold, supra. Furthermore, the indictment charged the offenses in the language of the statute and in our opinion was clearly sufficient. See Lamar v. United States, 241 U.S. 103, 111, 116, 36 S.Ct. 535, 60 L.Ed. 912.

The judgment is affirmed.