**MAXWELL v. HUDSPETH, Warden.**

No. 3871.

United States Court of Appeals
Tenth Circuit.

June 7, 1949.

Rehearing Denied June 18, 1949.

Joe W. Whitten, Oklahoma City, Okl. (Hal S. Whitten, Oklahoma City, Okl., on the brief), for appellant.

Harold R. Fatzer, Atty. Gen., State of Kansas (C. Harold Hughes, Asst. Atty.

Gen., State of Kansas, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

On an information charging murder in the first degree, Maxwell [1] was tried, convicted, and sentenced to life imprisonment in the Kansas State Penitentiary. He sought discharge on habeas corpus and has appealed from an order discharging the writ.

As grounds for the writ, petitioner set up that he was not charged by an indictment returned by a grand jury; that he was denied counsel and the right to material witnesses for his defense at his preliminary hearing; that no warrant was issued charging him with first degree murder; that he was denied counsel and the right to material witnesses for his defense at his trial on the information; that he was denied the right to prepare his defense; that the information was insufficient; that the state changed the charge that the unlawful killing was effected by a 45-caliber revolving pistol to a charge that it was effected by a 32-caliber Colts automatic pistol; and that the state court erred in its instructions to the jury.

■ The complaint upon which the preliminary hearing was had charged that the killing was effected with "a revolving pistol," but the information charged that it was effected by "an automatic pistol," and there was no proof that the information was at any time amended. Under 62-808, General Statutes of Kansas 1935, the information itself could have been amended before the petitioner pleaded thereto by changing the statement as to the means by which the offense was committed. [2]

■ An examination of the information discloses that it was wholly sufficient. Moreover, on habeas corpus, the question is not whether the information was vulnerable to direct attack by motion or demurrer, but whether it is so fatally defective as to deprive the court of jurisdiction. [3]

■■ Errors in instructions are not reviewable on habeas corpus. The writ may not be used as a substitute for an appeal. [4]

■ A warrant was issued on the complaint and petitioner was arrested and taken before the examining magistrate. Whether a warrant was issued on the information was immaterial. The record discloses that petitioner was brought before the court, arraigned, and entered a plea of not guilty to the information.

■■ The Fifth Amendment to the Constitution of the United States is a limitation on the powers of the national government and not on the powers of the states. [5] The fact that a person is charged, convicted and sentenced on an information and not on an indictment returned by a grand jury does not constitute a denial of due process under the Fourteenth Amendment to the Constitution of the United States. [6]

A memorandum of the proceedings at the preliminary hearing before the examining magistrate recited that petitioner was asked if he had employed an attorney; that petitioner replied he had talked to an attorney but had not employed one and did not want any local counsel; that petitioner was then asked if he waived counsel and if he was ready to proceed with the preliminary hearing and that he answered, "go ahead"; that the examining magistrate then proceed-

---

[1] Hereinafter called petitioner.

[2] State v. Johnson, 70 Kan. 861, 79 P. 732; State v. Flores, 332 Mo. 74, 55 S. W.2d 953, 955; State v. Green, 160 La. 79, 106 So. 701, 702; State v. Sorrels, Mo.Sup., 50 S.W.2d 1018, 1019; State v. Tunnell, Mo.Sup., 296 S.W. 423, 425, 426.

[3] Knight v. Hudspeth, 10 Cir., 112 F.2d 137, 139; Garrison v. Hudspeth, 10 Cir., 108 F.2d 733, 734.

[4] Garrison v. Hudspeth, 10 Cir., 108 F. 2d 733.

[5] Jack v. Kansas, 199 U.S. 372, 379, 380, 26 S.Ct. 73, 50 L.Ed. 234, 4 Ann. Cas. 689; Palko v. Connecticut, 302 U. S. 319, 322, 58 S.Ct. 149, 82 L.Ed. 288.

[6] Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Gaines v. Washington, 277 U.S. 81, 86, 48 S.Ct. 468, 72 L.Ed. 793; Snyder v. Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575; Grosjean v. American Press Co., 297 U.S. 233, 243, 56 S.Ct. 444, 80 L.Ed. 660.

ed with the preliminary hearing; that witnesses for the state were called and testified and that petitioner cross-examined them; that at the close of the state's case, petitioner was asked if he desired to call witnesses; that he asked that Mrs. Faye Davis, widow of the man charged to have been murdered, be called as a witness, and that petitioner asked her divers impertinent questions to which objection was sustained.

Petitioner filed an application for a writ of habeas corpus in the Supreme Court of Kansas and the writ was denied.[7] See Ex parte Maxwell, 160 Kan. 553, 164 P.2d 134.[8] The opinion in Ex parte Maxwell sets forth the transcript of a proceeding in the state court prior to the criminal trial which discloses that the trial judge explained to petitioner that he was entitled to a trial by jury and to be represented by counsel and inquired if he had employed counsel; that petitioner replied that he had not employed counsel but had talked to a Mr. Shaw, an attorney, "in the northern part of the state"; that the trial judge then went over a list of the members of the Lyon County Bar, the County in which petitioner was tried; that petitioner requested the court to appoint W. C. Harris and E. E. Steerman, and that such request was granted. The opinion states that Mr. Harris was a former judge of the district court and Mr. Steerman was a former Assistant Attorney General, that they were leading members of the Lyon County Bar, and that both actively participated in the defense of petitioner at the trial on the criminal charge; and that at the trial on the criminal charge in the district court all witnesses requested by petitioner, more than twelve in number, were duly subpoenaed.

Affidavits were filed in Ex parte Maxwell by Steerman and Harris. They averred that all witnesses whose names were furnished by petitioner and all other persons who might furnish evidence in petitioner's behalf were interviewed by Steerman and Harris and that the only witnesses who could furnish evidence in support of petitioner's defense were character witnesses and that such witnesses were called and testified.

The evidence in the instant case wholly failed to establish that petitioner was denied the right to material witnesses for his defense either at the preliminary hearing or at the trial on the criminal charge, or that he was not afforded full opportunity to prepare his defense, or that he was denied the right of counsel, either at the preliminary hearing or at the trial on the criminal charge.

The writ was properly denied.

Affirmed.

BRATTON, Circuit Judge, concurs in the result.

---

[7] As to the effect of that adjudication, see Gault v. Burford, 10 Cir., 173 F.2d 813.

[8] A petition for certiorari was denied by the Supreme Court, 328 U.S. 841, 66 S.Ct. 1011, 90 L.Ed. 1616.