**Carmine DiPAOLO, Jr., Appellant,**

v.

**Howard YEAGER, Warden of the New Jersey State Prison.**

**No. 16590.**

United States Court of Appeals Third Circuit.

Argued May 21, 1968.

Decided Aug. 12, 1968.

Gary M. Slovin, Gerber, Galfand & Berger, Philadelphia Pa., for appellant.

Michael R. Imbriani, County Prosecutor, Somerville, N. J., for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

## OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

Appellant, Carmine DiPaolo, seeks reversal of the judgment below denying his petition for a writ of habeas corpus.

Appellant was indicted for first degree murder. He entered a plea of not guilty and after a trial by jury was found guilty and sentenced to life imprisonment. His conviction was affirmed by the New Jersey Supreme Court. State v. DiPaolo, 34 N.J. 279, 168 A.2d 401 (1961). His petition for certiorari was denied. DiPaolo v. State of New Jersey, 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961). Thereafter, appellant filed a petition for a writ of habeas corpus in the District Court. This was dismissed without prejudice for failure to exhaust state remedies. After complying with that prerequisite, appellant filed the present petition which was denied by the court below. It is from this denial that the present appeal is taken.

The evidence produced at trial indicates that the victim of the crime was Gladys Mielnicki, a young woman whom appellant had been dating. Their relationship had not been a happy one and finally she indicated to appellant that she would not marry him. Appellant concluded that if he could not have her no one else would and after so indicating to several of his friends on the evening before the crime, he went home to sharpen his knife. The next morning he waited in his car for the victim to go to work. As she passed him in her car, he intercepted her and entered her car. He then inflicted the first of some forty stab wounds which resulted in her death. Following the stabbing appellant drove aimlessly around the area until he returned to his parked car from which he obtained a shotgun with the intention of committing suicide. He changed his mind and drove to the State Police Barracks in Somerville, New Jersey. He entered the barracks stating "Only God can help me" and "John, only God can help me. Go out and look in my car." The police investigated and found the body of the victim, the murder weapon and a note indicating that appellant had committed the crime and had intended to kill himself.

The County Prosecutor was notified and arrived with his assistant and a stenographer. A statement was taken from appellant in which he admitted the crime. After making the statement, appellant retraced his actions of that morning. In the course of this reenactment the police came across appellant's car which was concededly searched without a warrant. In its glove compartment several letters were found which were introduced in evidence for the purpose of establishing a motive. The confession was also introduced. Both were objected to by defense counsel, the former on the grounds that the letters were not part of the res gestae of the arrest and the latter on the grounds of involuntariness. Both objections were overruled. Appellant's defense was insanity. He also claimed that the statements were inadmissible because he did not know what he was doing when they were given and, therefore, they were not voluntary.

Appellant raised numerous points both below and in this appeal. Our examination of the entire record in this case including the opinions of both the New Jersey Supreme Court and the court below indicates that with the exception of the question of the admissibility of appellant's confession, his contentions have been sufficiently and correctly disposed of and therefore do not warrant any elaboration by this Court. Our discussion will therefore be limited to the problem regarding admissibility of the confession.

■ Appellant's confession was taken at approximately 9:30 A.M. on March 17, 1959, after he had voluntarily driven to the police station and disclosed that a crime had been committed. Although there was some evidence that appellant was confused at the time he was questioned, on the whole it is obvious from the record that he voluntarily chose to relate the details of what had just occurred.

■ Appellant's trial was concluded on December 3, 1959. Although the requirements contained in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) had not yet been announced and are not to be applied to appellant's confession, Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), nevertheless the factual absence of warnings is an element to be taken into consideration in arriving at a conclusion concerning the voluntariness of appellant's statement. Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). Applying the above to the record it is clear that appellant was warned that any statement he made would have to be voluntary. The confession itself states: "I want to say to you that anything you say now I ask you to say voluntarily. There is not any threat or promise of favor for your saying anything. I want to warn you that anything you say can be used against you. If I ask you these questions, are you willing to give us a statement, under the circumstances?" Appellant replied in the affirmative. The circumstances surrounding the taking of the confession were fully explored at trial. Although a good part of this evidence was taken before the jury, there was no objection to this procedure voiced by counsel. Pinto v. Pierce, 389 U.S. 31, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967).

■ A more serious question concerning the procedure followed by the trial court was raised by the District Court Judge sua sponte. This involved that part of the trial judge's charge dealing with the confession and also the testimony of two doctors who had examined appellant while he was in custody. Although the trial judge made an independent determination in line with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), he stated his conclusions to the jury in his charge.

"What about S–2, the confession which is in evidence? How do you treat it; what is your function with respect to it? On the basis of a finding by the Court that the statement S–2 was the voluntary act of the accused, it was allowed in evidence. However, the weight to be given to the statement or confession is a matter for you to decide. If you find, as a result of your deliberations, that it was not freely, voluntarily and understandingly given, then you must disregard it and give it no consideration whatever. If, however, you find that it was given voluntarily, then you will pass to a determination of its truth. So much of its contents as you may find not to be the truth you will disregard completely. So much of its contents as you may find to be the truth you will consider along with all the other evidence in the case in reaching your verdict as to the guilt or innocence of the defendant.

"On the basis of a finding by the Court that the examination by Doctors Spradley and Garber was the voluntary act of the defendant, I permitted them to testify with respect to their examination and the opinions they arrived at as a result of such examination.

"If you find, as a result of your deliberations that the examination was not voluntarily and understandingly entered into by the defendant, then

you must disregard their testimony, including their opinions on his sanity.

"If, however, you find the examination was voluntarily and understandingly entered into by the defendant then you will consider what weight and credit you will give to their testimony and opinions."

The charge as given by the trial judge reflected the state of the law in New Jersey at the time of appellant's trial. It was not altered until State v. Smith, 32 N.J. 501, 161 A.2d 520 (1960), cert. denied 364 U.S. 936, 81 S.Ct. 383, 5 L. Ed.2d 367 (1961). The Smith opinion was rendered after the date of appellant's trial and had no retrospective effect.

"A word of caution for future guidance in one particular is appropriate. A trial judge who has decided to permit a confession in evidence should not tell the jury that he finds it to be 'voluntary.' Such may have the potential of conveying too much to a lay jury in certain situations. The judge should confine himself to saying that he finds the statement to be admissible. While 'voluntary' was so used here, no objection was made at the trial or in the briefs before us and we are not convinced that it resulted in actual prejudice, especially in view of the thorough instructions given on the jury's exclusive duty to determine the credibility and weight to be accorded the statements." State v. Smith, supra, 32 N.J. at page 549, 161 A.2d at page 545.

See also State v. Wolf, 44 N.J. 176, 193, 207 A.2d 670 (1965). From our independent review of the record we conclude that while the preferable procedure is that outlined in State v. Smith, supra, the inclusion in the judge's charge of his view of the voluntary aspect of the confession does not warrant interference in appellant's conviction.

The judgment of the District Court will be affirmed.