458 P.2d 596

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Paulina PAUL, Defendant-Appellant.**

**No. 315.**

Court of Appeals of New Mexico.

Aug. 8, 1969.

Rehearing Denied Aug. 25, 1969.

Certiorari Granted Sept. 12, 1969.

F. Randolph Burroughs, Alamogordo, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Mark B. Thompson, III, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Appealing his burglary conviction, defendant raises issues concerning: (1) search and seizure and (2) questioning of defendant about prior convictions.

*Search and seizure.*

A school was burglarized; the safe was "peeled". Safe insulation and fire clay was scattered about at the scene.

After defendant had been arrested and jailed, a search warrant was obtained. The warrant authorized a search of defendant's residence for coins taken in the burglary. No issue is raised as to the validity of the warrant. In the course of the search the officers came upon some trousers and boots. According to the officers, these items appeared to have a substance on them that came from the safe.

Neither defendant nor his attorney had seen the search warrant prior to trial. Upon reference being made to a search pursuant thereto, defendant objected to the admission of these items as evidence. He contended the officers had no authority to seize these items because they were not described in the search warrant. The trial court, in overruling the objection, held

that " * * * once there is a valid search warrant, that the officers are at liberty to pick up other things that may belong to the defendant. * * *" Is this ruling correct?

The Fourth Amendment to the Constitution of the United States provides that " * * * no Warrants shall issue, but upon probable cause, * * * and particularly describing * * * the persons or things to be seized." N.M.Const., Art. II, § 10 provides that " * * * no warrant to search * * * shall issue without describing * * * the persons or things to be seized, * * *." Section 41–18–1(C), N.M.S.A.1953 (Repl.Vol. 6, Supp.1967) provides for the issuance of search warrants " * * * identifying the property * *." The warrant is to " * * * command the officer to search * * * for the property specified * * *." Section 41–18–1(E), N.M.S.A.1953 (Repl.Vol. 6, Supp.1967) provides:

> " * * * A person aggrieved by an unlawful search and seizure may move for the return of the property and to suppress for the use of evidence anything so obtained on the ground that * * * (3) the property seized is not that described in the warrant * * *."

In Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927) the officers searched pursuant to a warrant and seized items not described in the warrant. The opinion states:

> "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.
> " * * *
> " * * * And it is clear that the seizure of the ledger and bills, [items taken but not described in the warrant], in the case now under consideration, was not authorized by the warrant. * * *"

Defendant's contention depends upon the continuing validity of the above quoted language from *Marron*. The State asserts that Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947) modified the view expressed in *Marron*.

The search in *Harris* was not pursuant to a warrant but was an incident of his arrest. The officers conducted a good faith search to find two checks pertinent to the charges on which the arrest had been made. In the course of the search the officers came upon some draft cards which were property of the government. The draft cards were not related to the crimes for which Harris had been arrested. The United States Supreme Court upheld the seizure of the draft cards by the officers. In doing so the opinion points out the search was in good faith and appropriate to discover the checks which were the object of the search. The opinion also points out that the objects sought for (the checks) and the objects seized (the draft cards) were " * * * properly subject to seizure. * * *" The opinion states: ]

> " * * * Here during the course of a valid search the agents came upon property of the United States in the illegal custody of the petitioner. * * * In keeping the draft cards in his custody petitioner was guilty of a serious and continuing offense against the laws of the United States. A crime was thus being committed in the very presence of the agents conducting the search. Nothing in the decisions of this Court gives support to the suggestion that under such circumstances the law-enforcement officials must impotently stand aside and refrain from seizing such contraband material. If entry upon the premises be authorized and the search which follows be valid, there is nothing in the Fourth Amendment which inhibits the seizure by law-enforcement agents of government property the possession of which is a crime, even though the officers are not aware that such property is on the premises when the search is initiated."

Subsequent to the *Harris* decision, a body of case law developed upholding the right of the officers, searching pursuant to a search warrant, to seize items not described in the warrant, if those items were subject to seizure. These items included " * * * instrumentalities and means by which a crime is committed, the fruits of crime such as stolen property, weapons by which escape of the person arrested might be effected, and property the possession of which is a crime. * * *" *Harris v. United States, supra.* See Aron v. United States, 382 F.2d 965 (8th Cir. 1967); Seymour v. United States, 369 F.2d 825 (10th Cir. 1966), cert. denied 386 U.S. 987, 87 S.Ct. 1297, 18 L.Ed.2d 239 (1967); Porter v. United States, 335 F.2d 602 (9th Cir. 1964), cert. denied 379 U.S. 983, 85 S.Ct. 695, 13 L.Ed.2d 574 (1965); United States v. Eisner, 297 F.2d 595 (6th Cir. 1962); Johnson v. United States, 293 F.2d 539 (D.C. Cir. 1961). Each of these decisions, to some extent, relies on Harris v. United States, supra.

Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) held that "mere evidence" could be seized. This is also the New Mexico rule. State v. Williamson, 78 N.M. 751, 438 P.2d 161 (1968), cert. denied 393 U.S. 891, 89 S.Ct. 212, 21 L.Ed.2d 170 (1968).

Since "mere evidence" may now be seized, the State asserts Harris v. United States, supra, and the cases applying *Harris,* authorize the seizure of such evidence during a search pursuant to a search warrant even though the warrant does not authorize seizure of such evidence because not described in the warrant. Where there is a search pursuant to a valid search warrant, the State suggests an item may be seized if it is discovered during a search made in good faith and within the scope of the warrant. Two cases (both of which cite *Harris*) support this view. They are: Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968), and United States v. Robinson, 287 F.Supp. 245 (N.D.Ind.1968). *Robinson* states:

" * * * officers conducting a lawful search pursuant to a search warrant may seize any fruits, instruments or evidence of crime which they might uncover. A warrant must still specifically describe the place to be searched and the things to be seized, and the search must be directed toward the things so described, but if in the course of that search they discover items not named in the warrant which might have been seized in a search incident to an arrest, they may also be seized in a search pursuant to a search warrant."

Thus, the combination of *Harris* and *Hayden* poses a direct conflict with *Marron.* The *Marron* case specifically held that items, not named in the warrant, could not be seized as an incident to execution of a search warrant.

It is our opinion that under recent decisions of the United States Supreme Court, the *Marron* view is controlling. We reach that opinion on the basis of the following:

(a) While Warden, Maryland Penitentiary v. Hayden, supra, authorized the seizure of "mere evidence", it made no change in the law determining when an item might properly be seized. That opinion states:

" * * * But if its rejection [the rule prohibiting the seizure of 'mere evidence'] does enlarge the area of permissible searches, the intrusions are nevertheless made after fulfilling the probable cause and particularity requirements of the Fourth Amendment * *. "

(b) Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) holds that insofar as "the principles" of Harris v. United States, supra, are inconsistent with those announced in *Chimel, Harris* is no longer to be followed. This, of course, poses a problem as to which "principles" of *Harris* are inconsistent with *Chimel.* Both cases dealt with the search incident to an arrest and the scope of the permissible search incident thereto. Neither case dealt with searches pursuant to a

search warrant nor with seizure of items not described in the warrant. Yet, as previously pointed out, language used in *Harris* has been treated as authority for seizure of items not named in the warrant. We do not attempt to define the effects of *Chimel* upon *Harris*. Because of *Chimel*, however, we do not consider *Harris* as authority for the seizure of items not named in the warrant.

(c) Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) has also been relied on as support for upholding seizure of items not named in the warrant. See Gurleski v. United States, supra; United States v. Robinson, supra. In the light of Chimel v. California, supra, we do not consider *Abel* as authority · for the seizure of items not named in the warrant. See United States v. LaVallee, 391 F.2d 123 (2nd Cir. 1968).

(d) Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967) and Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965) quoted the *Marron* rule with approval. While neither *Berger* nor *Stanford* dealt with the precise issue of this case, the approval of the *Marron* rule in these recent cases is an indication of its continuing validity.

(e) United States v. LaVallee, supra, and People v. Baker, 23 N.Y.2d 307, 296 N.Y.S.2d 745, 244 N.E.2d 232 (1968) held that seizure of items not described in the warrant was unlawful. Both decisions relied on the approval of the *Marron* rule in Berger v. New York, supra, and Stanford v. Texas, supra.

(f) The majority opinion in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) voided defendant's conviction for possession of obscene matter on constitutional grounds with which we are not here concerned. Officers had obtained a warrant to search defendant's home for particularly described gambling material. During the course of the search they came upon obscene motion picture films and seized them. The concurring opinion of three

Justices would have set aside defendant's conviction on the basis of the search and seizure issue. The concurring opinion, relying on Marron v. United States, supra, as "the controlling constitutional principle" states:

"There can be no doubt, therefore, that the agents were lawfully present in the appellant's house, lawfully authorized to search for any and all of the items specified in the warrant, and lawfully empowered to seize any such items they might find. It follows, therefore, that the agents were acting within. the authority of the warrant when they proceeded to the appellant's upstairs bedroom and pulled open the drawers of his desk. But when they found in one of those drawers not gambling material but moving picture films, the warrant gave them no authority to seize the films."

The concurring opinion in Stanley, v. Georgia, supra, also says: "This is· not a case where agents in the course of a lawful search came upon * * * criminal evidence in plain view. * * *" The State contends this statement supports the seizure of the trousers and boots. The reference to "criminal evidence" does not support the seizure; the probable cause and particularity requirements of the constitutional provision must still be met. Warden, Maryland Penitentiary v. Hayden, supra. The reference to "plain view" does not support the seizure. Even if the trousers and boots were in plain view, a point we do not decide, and were viewed in the course of a search conducted pursuant to the warrant, the officers' authority did not extend beyond that conferred by the warrant. Marron v. United States, supra. They had no authority to search for or to seize these items; they were as trespassers in taking these items. Kirvin v. United States, 5 F.2d 282 (2nd Cir. 1924).

The seizure of the trousers and boots was unreasonable and in violation of the United States and New Mexico provisions concerning search and seizure. The trial court's ruling was wrong; it erred in ad-

mitting these items over defendant's objection.

*Questioning concerning prior convictions.*

Defendant took the stand in his own behalf. Before his cross-examination began, defendant objected to any questioning concerning prior convictions on the basis that "* * * any such testimony * * *" was prejudicial. In overruling the objection, the trial court ruled that such questioning is permitted by § 20-2-3, N.M.S.A. 1953. See State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966).

■ The trial court was not asked to determine whether cross-examination as to prior convictions should be limited on the basis that the tendency of such questions to prejudice the defendant outweighed the legitimate value of such questions as to defendant's credibility. See State v. Waller, 80 N.M. 380, 456 P.2d 213 (Ct.App.), decided May 16, 1969; State v. Coca, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969). Not having been raised in the trial court, the question of whether the trial court made such a determination is not an issue here. DeVilliers v. Balcomb, 79 N.M. 572, 446 P.2d 220 (1968).

■ Defendant claims, here, that any questioning of defendant was prejudicial because (a) the Assistant District Attorney "discussed" defendant's record with him, (b) upon defendant's denial of certain convictions the State did not "* * * produce or attempt to produce a certified copy of any prior convictions * * *" and (c) proof of prior convictions, with certain exceptions not here applicable, is not allowed. The record does not show that any of these claims were presented to the trial court. None of these claims are jurisdictional. The trial court must be clearly alerted to non-jurisdictional error if the point is to be preserved on appeal. Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968). Further, as to the claims made:

■ (a) The "discussion" between defendant and the Assistant District Attorney was an attempt to clarify whether a conviction, admitted by defendant, was breaking and entering or burglary. This "discussion" was far milder than that permitted in State v. Ocanas, 61 N.M. 484, 303 P.2d 390 (1956). We cannot hold, as a matter of law, that this "discussion" was prejudicial.

■ (b) Defendant denied the two burglary convictions about which he was asked. He denied any felony convictions, asserting the breaking and entering conviction was a misdemeanor. The State made no attempt to prove whether in fact, he had been convicted of burglary, or of any felony. State v. Garcia, 80 N.M. 247, 453 P.2d 767 (Ct.App.1969) states:

"* * * If a prosecutor inquires concerning a prior conviction and is unable to prove the conviction, a determination as to whether he acted improperly depends on the facts and circumstances. Here the record does not show whether the District Attorney was able to refute the denial. In fact, the record does not disclose the nature of the District Attorney's information concerning the prior forgery conviction. Accordingly, we do not have sufficient information before us to hold, as a matter of law, that the District Attorney acted improperly in asking about 'any other' convictions."

In this case we do not know whether the State could refute defendant's denial nor do we know the nature of the State's information as to prior convictions of defendant. We cannot hold, as a matter of law, that the State acted improperly in asking about prior convictions.

(c) In asserting that generally, proof of prior convictions, is not allowed, defendant relies on the rule stated in State v. Rowell, 77 N.M. 124, 419 P.2d 966 (1966) that:

"* * * it is generally held that proof of convictions of other and separate criminal offenses by the defendant is not admissible and that it is prejudicial error to admit such proof. * * *"

See also, State v. Minns, 80 N.M. 269, 454 P.2d 355 (Ct.App.1969); State v. Mason, 79 N.M. 663, 448 P.2d 175 (Ct.App.1968).

This rule is not applicable in this case. The State did not attempt to prove the details of other criminal offenses; all it did was go into the question of whether prior convictions had, in fact, occurred. Such questioning is authorized by § 20–2–3, supra. See State v. Williams, supra.

Because of the error in admitting the trousers and boots into evidence, the case is reversed. The judgment and sentence are to be set aside. Defendant is to be awarded a new trial.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.