# APPLICATION OF THWING

(182 N.W.2d 308)

(File No. 10840. Opinion filed December 18, 1970)

**David V. Vrooman**, Sioux Falls, for petitioner-appellant.

**Walter W. Andre**, Asst. Atty. Gen., Pierre, for respondent; **Gordon Mydland**, Atty. Gen., on the brief.

BIEGELMEIER, Judge.

The petitioner, Robert Thwing, was convicted of the crime of murder and sentenced to life imprisonment in the South Dakota State Penitentiary on April 22, 1952. No appeal was taken from the sentence. In 1969 petitioner brought proceedings under the provisions of SDCL 23-52 for post-conviction relief. After an evidentiary hearing in circuit court, relief was denied. Upon appeal to this court, we affirmed the decision of the lower court. State v. Thwing, 84 S.D. 391, 172 N.W.2d 277. On February 25, 1970, petitioner applied to

the Circuit Court of Minnehaha County, South Dakota, for writ of habeas corpus; the present appeal is from the decision of the circuit court denying the petition and quashing the writ.

The petition for the writ claims Instruction 3, given by the trial judge, was erroneous and deprived him of his constitutional right to a fair trial under the due process clause of the State and United States Constitutions. He says this is true even though no exception was taken to the instruction and no appeal taken from the judgment and sentence.

The instruction complained of read as follows:

**Instruction 3.** "You are instructed that homicide is the killing of one human being by another.

Homicide is murder in the following cases:

(1) When perpetrated without authority of law and with a premeditated design to effect the death of the person killed or of any other human being;

(2) When perpetrated without any design to effect death by a person engaged in the commission of any felony.

The court instructs the jury that every person who shoots or attempts to shoot at another with any kind of a firearm, or who commits any assault or battery upon another by means of any deadly weapon, is guilty of a felony."

Petitioner contends Instruction 3 did not properly define a felony for the purposes of the felony-murder statute.[1] He says, in order to be a felony-murder, the felony must be dis-

---

1. Instructions 6 and 11, also given, advised the jury in detail as to the evidence required to find a verdict of guilty and that if the evidence was not sufficient their verdict should be not guilty; Instruction 11 also dealt with the defense of insanity which was submitted to the jury under which it could find defendant "not guilty by reason of insanity". These extended instructions are not here set out; they did follow Instruction 3 as to the subject there covered.

tinct from that of the homicide. He claims, under the facts of the case, the court should have instructed the jury on manslaughter. Although there are courts construing the felony-murder statute in the light of the instructions as given by the trial court, many courts hold that the felony-murder doctrine does not apply unless the underlying felony is so distinct from the homicide as not to be an ingredient of it.[2]

■ It is not necessary for us, however, to determine that question. The question that presents itself for our consideration is whether petitioner is entitled to the relief he now seeks after a period of 18 years by habeas corpus when he did not object to the instructions at the trial and thus lay foundation to question the rulings by direct appeal. Habeas corpus cannot be utilized as a substitute for appeal. State ex rel. Ruffing v. Jameson, 80 S.D. 362, 123 N.W.2d 654; Garrison v. Hudspeth, 1939, 10 Cir., 108 F.2d 733; Maxwell v. Hudspeth, 1949, 10 Cir., 175 F.2d 318, cert. den. 338 U.S. 834, 70 S.Ct. 39, 94 L.Ed. 509; Daniels v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; State ex rel. Clark v. Adams, 1959, 144 W.Va. 771, 111 S.E.2d 336, 89 A.L.R.2d 528, cert. den., 363 U.S. 807, 80 S.Ct. 1242, 4 L.Ed.2d 1149; and State v. Paul, 80 N.M. 521, 458 P.2d 596.

As pointed out in Fanning v. State, 85 S.D. 246, 180 N.W.2d 853, our courts in habeas corpus proceedings as early as 1949 were recognizing that challenges of deprivation of constitutional rights could be made and evidence received to support them outside the original record. See State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441, and many cases cited in United States ex rel. Miner v. Erickson, 1970, 8 Cir., 428 F.2d 623.

The extent of inquiry under habeas corpus in this state has not followed the narrow view of some states but has broadened its scope to permit challenges of denial of due process and other constitutional rights so that while the legisla-

---

2. There was evidence petitioner had kidnapped and locked his uncle in the trunk of the car and thereafter had struck him with a gun until his face was bloody and he had dropped to his knees when petitioner shot him.

ture did adopt the Uniform Post-Conviction Act, SDCL 23-52, it may not have been a required remedy.

 It was within the jurisdiction and power of the trial court and its duty to instruct the jury as to the requested elements of a crime and it did define murder in the instructions. Those instructions became the law of the case and, not having been objected to, claim of error thereon could not have been raised on appeal or reversed by this court. So far as we are concerned in the proceeding, therefore, it correctly defined the crime of murder. It is not within our power to declare that the instruction was erroneous, for it was the duty of the trial judge to determine questions of law and, in so doing, to make rulings during the trial and in his instructions to the jury. Review of these determinations is wholly by appeal. That was said explicitly with reference to the scope of habeas corpus in State ex rel. Ruffing v. Jameson, supra, and repeated and quoted quite extensively in Fanning v. State, 85 S.D. 246, 180 N.W.2d 853. As was said in Ruffing:

> "It is of no concern now if objections were or were not made to the instructions. Defendant could have done so then and raised the question on a motion for a new trial, SDC 34.40, or by appeal. Failure to do so in either the trial or appellate court is a waiver of the objection. * * * The judgments have become final and res judicata so far as this petitioner is concerned."

Defendant was convicted by due process of law and no constitutional right was violated. If there was any error in the instruction or irregularity therein it was one which the defendant was required to raise by objection and appeal. Orderly administration of justice requires that the court have rules of procedure, and this court has held that an objection to an instruction not presented to the trial court upon settlement of instructions may not be considered by the Supreme Court even though the theory was correct. State v. Poppenga, 76 S.D. 592, 83 N.W.2d 518; State v. Gayton, 83 S.D. 141, 155 N.W.2d 919. These trial procedures were clear-

ly set out in statutes and rules of court then in force. SDC 33.1318, 33.1601, 34.2908 and 34.3627(5).

Many courts have held that errors in instructions are not reviewable on habeas corpus. Garrison v. Hudspeth, 1939, 10 Cir., 108 F.2d 733; Maxwell v. Hudspeth, 1949, 10 Cir., 175 F.2d 318 cert. den., 338 U.S. 834, 70 S.Ct. 39, 94 L.Ed. 509; United States ex rel. Marelia v. Burke, 1952, 3 Cir., 197 F.2d 856, cert. den., Marelia v. Burke, 344 U.S. 868, 73 S.Ct. den., 385 U.S. 905, 87 S.Ct. 219, 17 L.Ed.2d 136; and DiPaolo v. Yeager, 1968, 3 Cir., 399 F.2d 72, cert. den., 395 U.S. 923, 89 S.Ct. 1778, 23 L.Ed.2d 240. In United States ex rel. Marelia v. Burke error was claimed in the charge to the jury as to reasonable doubt, and the court held that any error in the charge "not challenged in regular course" did not destroy the constitutionality of the conviction. In Poulson v. Turner the claim was made of the failure of the court to instruct the jury on lesser offenses included in first degree murder and an alleged erroneous instruction as to the defense of insanity. No objection was made, and the court said if it should assume that there were errors in failing to instruct the jury as to lesser defenses and in failing properly to define insanity, "such errors would not be reversible on habeas corpus * * * Due process of law 'is not to be turned into a destructive dogma against the States in the administration of their systems of criminal justice.' " Under the due process clause, courts have denied relief by habeas corpus other than claimed errors in the instructions.[3]

---

3. Fisher v. Fraser, 171 Kan. 472, 233 P.2d 1066, 29 A.L.R.2d 699, claim of insanity at time of commission of offense; State ex rel. Clark v. Adams, 144 W.Va. 771, 111 S.E.2d 336, 89 A.L.R.2d 528, cert. den., 363 U.S. 807, 80 S.Ct. 1242, 4 L.Ed.2d 1149, plea of nolo contendere to felony; State v. Paul, 80 N.M. 521, 458 P.2d 596, cross-examination as to defendant's prior convictions; United States ex rel. Smith v. Reincke, 2 Cir., 354 F.2d 418, prosecutor's prejudicial questions asked witness who pled guilty to same homicide; United States ex rel. McCann v. Thompson, 2 Cir., 144 F.2d 604, cert. den., 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630, failure to quash indictment because no legal quorum had found true bill.

We affirm the trial court.

All the Judges concur.

MUNDT, Circuit Judge, sitting for ROBERTS, P. J., disqualified.