**Robert E. THWING, Appellant,**

v.

**STATE OF SOUTH DAKOTA, Appellee.**

**No. 72-1489.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 8, 1972.

Decided Dec. 18, 1972.

---

Timothy Nimick, Sioux Falls, S. D., for appellant.

Gordon Mydland, Atty. Gen., and Thomas R. Vickerman, Asst. Atty. Gen., Pierre, S. D., for appellee.

Before MEHAFFY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Robert E. Thwing, appellant, on November 13, 1951 abducted a young country school teacher and raped her. Three days thereafter Thwing voluntarily surrendered at Brookings, South Dakota where he was charged with rape and kidnapping. On the same day, November 13, 1951, Thwing murdered his uncle, Harvey Burr, and on April 8, 1952 was put to trial on the murder charge and was sentenced to a term of 99 years. The state officials were meticulous both in selecting prominent and able attorneys to defend appellant and in protecting his every constitutional right.

The background facts of the crime and the trial are set out in State v. Thwing, 84 S.D. 391, 172 N.W.2d 277 (1969). After two unsuccessful applications to the state courts for post-conviction relief, State v. Thwing, *supra,* and Application of Thwing, 85 S.D. 351, 182 N.W.2d 308 (1970), appellant petitioned the United States District Court for the District of South Dakota for a writ of habeas corpus. Appellant's petition alleged that he had been denied due process because of prejudicial instructions, denial of his waiver of jury trial, admission of involuntary confessions, and denial of his right to direct appeal. The district court denied appellant's petition and he has brought this appeal. For the reasons stated below the judgment of the district court denying appellant's petition is affirmed.

Appellant's first ground for relief attacks the sufficiency of the felony murder instructions given by the trial court. It is undisputed that South Dakota recognized the felony murder doctrine at the time of the alleged crime. S.D.Code § 13.2007(3) (1939). Appellant argues that the trial court misapplied South Dakota's felony murder rule because its instructions allowed the jury to base a felony murder conviction on the commission of assault with a deadly weapon, an offense that was an integral part of the alleged homicidal act. According to appellant's theory, a conviction under the felony murder rule can be based only upon a felony that is separate and distinct from the acts which resulted in the homicide.

Appellant's argument is based upon the rule in some states that requires a felony distinct from the acts which resulted in the homicide. *See* Annot. 40 A.L.R.3d 1341. But here there is no indication that at the time of appellant's trial South Dakota followed this rule. Our research has not revealed any South Dakota cases on this issue and it appears that the question has yet to be decided by that state's courts. *See* Application of Thwing, 85 S.D. 351, 182 N.W.2d 308 (1970). Thus, appellant's petition amounts to nothing more than an invitation to resolve collaterally an undecided question of South Dakota criminal law. We are without jurisdiction to accept this invitation because our scope of review in habeas petitions from state prisoners is limited to federal constitutional issues. *E. g.*, Scalf v. Bennett, 408 F.2d 325 (8th Cir.) cert. denied, 396 U.S. 887, 90 S.Ct. 175, 24 L. Ed.2d 161 (1969).

Appellant seeks to endow his first argument with constitutional stature by claiming that the instructions, in their totality, deprived him of a fair trial in violation of the due process clause of the fourteenth amendment. This effort is unpersuasive. The only additional objection that appellant makes to the instructions is that the trial court failed to instruct the jury on self-defense and on lesser included offenses. No such instructions were requested by appellant, however. More importantly, there was no relationship between the unrequested instructions and the felony murder instructions. Finally it should be noted that no objection was made at the trial to the felony murder instructions as they were given. The simple fact is that appellant's attack on the instructions presents us with no constitutional issues.

Appellant's second argument is that the pretrial publicity surrounding his alleged crimes was so prejudicial that he should have been allowed to have a trial without jury. In considering this argument we start with the well-

established principle that there is no constitutional right to a non-jury trial. Singer v. United States, 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). Appellant contends, however, that where pretrial publicity is so prejudicial that a fair and impartial jury trial is impossible, due process requires that a defendant be allowed to waive trial by jury. Appellant's contention is partially accurate. Whenever pretrial publicity is so prejudicial that a fair and impartial trial is impossible, the trial court obviously must take some corrective steps to ensure the accused a fair trial. Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L. Ed.2d 543 (1965). There is nothing about a request for non-jury trial, however, that converts the due process clause from a general guaranty of a fair trial into a specific guaranty of a non-jury trial. The fundamental issue remains whether or not the publicity deprived the accused of a fair and impartial trial. Both the district court and the South Dakota state courts have exhaustively reviewed appellant's exhibits and testimony in this regard and found no prejudice. We have reviewed the record on this issue and agree that appellant has failed to demonstrate any actual prejudice.

Appellant's last two arguments are that he was denied the right to appeal and that his admissions and confession were involuntary and therefore should not have been admitted into evidence. We find it unnecessary to examine these last two arguments at length because there is simply no factual basis to support them. At his preliminary hearing appellant was informed that "you have the right to be represented by counsel at every stage of the proceeding." As heretofore stated, appellant was represented throughout his trial by very capable counsel. After appellant was convicted he discussed the possibility of direct appeal with his appointed counsel and was advised at that time to begin his sentence and apply for

**354**

commutation at a later date. Upon this state of the record, we agree with the finding of the district court that "Petitioner was never denied the right to appeal, he merely never asserted his right to appeal." Application of Thwing, CIV 72–4019 (D.S.D. July 14, 1972). With regard to the confession and admissions, the record indicates that after being advised of his right to counsel appellant freely confessed the murder of his uncle and in fact led the police to the place where the body was hidden. With the advice of counsel appellant testified at his trial in his own defense and generally admitted committing the acts charged. In light of these facts we cannot find anything involuntary about the confession and admissions, especially in light of the pre-*Miranda* standards that are applicable to appellant's case.

The judgment of the district court is affirmed.