**Todd MILLER, Petitioner and Appellant,**

v.

**Walter LEAPLEY, Warden, South Dakota State Penitentiary, Respondent and Appellee.**

**No. 17315.**

Supreme Court of South Dakota.

Considered on Briefs May 20, 1991.

Decided July 10, 1991.

Steve Miller, Sioux Falls, for petitioner and appellant.

Mark Smith, Asst. Atty. Gen. (Mark Barnett, Atty. Gen., on the brief), Pierre, for respondent and appellee.

MILLER, Chief Justice.

Todd Miller appeals from a judgment denying habeas corpus relief. We affirm.

### FACTS

On June 9, 1986, Miller was convicted of murder, kidnapping, and possession of ransom money. His conviction was affirmed by this court in *State v. Miller*, 429 N.W.2d 26 (S.D.1988) (*Miller I*).

Later, Miller filed a pro se application for a writ of habeas corpus in the circuit court. In his writ he challenged his conviction claiming denial of the effective assistance of counsel guaranteed to him under the Sixth Amendment of the United States Constitution and Article VI, § 7 of the South Dakota Constitution, *citing Luna v. Solem*, 411 N.W.2d 656 (S.D.1987). The circuit court then appointed counsel to represent Miller in these habeas corpus proceedings. After an evidentiary hearing, the circuit judge entered findings of fact and conclusions of law and an order denying habeas corpus relief. Miller appeals.

### ISSUE

WHETHER MILLER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE JURY TRIAL.

## DECISION

[T]o succeed on an ineffective assistance of counsel claim, the defendant must show two requirements.

'First, ... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, ... that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'

*Luna, supra* at 658 (citing *Woods v. Solem,* 405 N.W.2d 59, 61 (S.D.1987)) (quoting *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). " '[T]he right to counsel is the right to effective assistance of counsel.' " *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2063, 80 L.Ed.2d at 692 (citing *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763, 773 n. 14 (1970)).

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694–95

(citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83, 93 (1955)).

Miller claims his right to effective assistance of counsel was violated because trial counsel was unprepared to deal with State's aiding and abetting [1] theory of guilt as to the felony murder [2] charge. Miller's habeas counsel claims that trial counsel failed to object on "meritorious" legal grounds to the instructions of law given to the jury on the aiding and abetting theory and failed to argue those "meritorious" grounds on Miller's direct appeal.

■ Despite his protestations to the contrary, we conclude that Miller has litigated this issue on direct appeal. In *Miller I,* 429 N.W.2d at 40, we noted:

Miller was charged as a principal to murder. Miller's last argument centers around the trial court's instructions to the jury that he could be found guilty of murder as an aider and abettor, although no such allegation appeared in his indictment, which, combined with the State's failure to respond to his request for a bill of particulars, he alleges made him incapable of mounting an effective defense.

■ Miller now claims that his trial counsel was ill-prepared for the State's "aiding and abetting" theory. However, as we noted in *Miller I:*

Here, where the defendant's theory of defense, from beginning to end of the trial, consisted of claiming he was operating in the scheme with mysterious strangers, or Bill, or Mike, and this evidence was known before trial started, it is ludicrous to cry 'surprise.' It was Miller, himself, who factually raised aiding and abetting. Instructions below were in accordance with past precedent in this Court and our statutes. In *State v. Johnson,* 272 N.W.2d 304, 305 (S.D.1978), this Court held: 'It is settled

---

1. SDCL 22–3–3 provides:
   Any person who, with intent to promote or facilitate the commission of a crime, aids, abets or advises another person in planning or committing the crime, is legally accountable, as a principal to the crime.

2. SDCL 22–16–4 provides:

Homicide is murder in the first degree ... when committed by a person engaged in the perpetration of, or attempt to perpetrate, any arson, rape, robbery, burglary, kidnapping, or unlawful throwing, placing, or discharging of a destructive device or explosive.

law that a conviction may be supported by proof that the defendant was an aider and abettor even though the charging instrument charges him as a principal.' *Johnson* was cited with approval by the Supreme Court of Vermont in *State v. Jaramillo*, 140 Vt. 206, 436 A.2d 757 (1981).

429 N.W.2d at 41–42.

Thus, since the aiding and abetting theory was an obvious, viable trial tactic, we find no ineffective assistance of counsel.[3] *Strickland, supra; Woods, supra.* Furthermore, where Miller substantially raised, on direct appeal, the same issue in habeas review, "the principle of res judicata is applicable to proceedings upon habeas corpus." *Cowell v. Leapley*, 458 N.W.2d 514, 520 (S.D.1990). *Cf. Application of Thwing*, 85 S.D. 351, 182 N.W.2d 308 (1970); *Fanning v. State*, 85 S.D. 246, 180 N.W.2d 853 (1970).

It is the opinion of this Court, upon review of the record in this habeas proceeding and review of *Miller I*, that Miller's prior counsel did an exemplary job in vigorously representing his client at trial and on appeal.

Affirmed.

WUEST, HENDERSON, SABERS, and AMUNDSON, JJ., concur.

---

**3.** Miller's argument concerning "foreseeability" has previously been determined by this court in *Graham v. State*, 346 N.W.2d 433 (S.D.1984) and *State v. O'Blasney*, 297 N.W.2d 797 (S.D.1980).