Howard Joseph ADAMS, Petitioner and Appellant,

v.

Walter LEAPLEY, Warden of the South Dakota State Penitentiary, Appellee.

No. 17504.

Supreme Court of South Dakota.

Argued March 17, 1992.

Decided Sept. 9, 1992.

Robert A. Christensen of Christensen, Wilka, Haugen and Kirbey, Sioux Falls, for petitioner and appellant.

Mark Barnett, Atty. Gen., Ann C. Meyer, Asst. Atty. Gen., Pierre, for appellee.

TUCKER, Circuit Judge.

Howard Joseph Adams (Adams) appeals from an order denying habeas corpus relief. We affirm the circuit court.

## FACTS

Adams was convicted of first degree murder, first degree robbery and kidnapping arising out of DeWayne Jensen's death from multiple stab wounds. This court affirmed those convictions on direct appeal. *State v. Adams*, 418 N.W.2d 618 (S.D.1988).

Adams filed this habeas corpus action claiming he was denied effective assistance of counsel guaranteed to him by the Sixth Amendment to the United States Constitution and art. VI, § 7 of the South Dakota Constitution. After an evidentiary hearing, Adams' petition was denied and a certificate of probable cause was issued. Adams appeals the circuit court's order denying the writ of habeas corpus.

## DECISION

### I.

WAS ADAMS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO INVESTIGATE ADAMS' PSYCHIATRIC HISTORY?

Adams asserts that his trial attorneys rendered ineffective assistance of counsel because they failed to pursue a psychiatric or psychological evaluation prior to trial which denied Adams the possibility of developing a diminished capacity, unconsciousness or insanity defense. Adams claims the psychiatric evaluation should have been pursued because Adams had been involved in several boxing matches involving blows to the head; he was involved in "a lot of fighting, violent behavior" while in the Louisiana State Prison; he used hallucinogenic drugs in the past and had a chemical abuse problem; and, he had suffered from blackouts.

Adams' ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Miller v. Leapley*, 472 N.W.2d 517 (S.D.1991); *Ashker v. Solem*, 457 N.W.2d 473 (S.D.1990). To succeed on an ineffective assistance of

counsel claim, Adams must prove two components outlined in *Strickland:*

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Prejudice exists when "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Woods v. Solem,* 405 N.W.2d 59, 61 (S.D.1987) (*quoting Strickland, supra.*) The burden of proving prejudice rests upon the defendant. *Woods, supra.*

At habeas trial, Steve Miller (Miller), one of Adams' court appointed attorneys testified that he never noticed any difficulty in Adams' ability to recall events pertaining to the case. Further, Adams submitted no objective medical evidence at the habeas trial to establish that Adams suffered from any organic head injuries or neurological trauma because of his boxing activities or fist fights. Both trial defense attorneys testified that no one, including Adams or his family, had ever communicated to them that Adams had any mental problems. There was no evidence to substantiate that Adams was so intoxicated or under the influence of alcohol or other substances at the time of Jensen's murder that Adams could not establish the requisite intent to commit the crimes with which he was charged. In fact, Adams, while in pre-trial detention, told a cell mate that they were after the keys, not the money. Finally, Miller testified that Adams provided his trial counsel with an organized description of what happened when he killed DeWayne Jensen. Given these facts, there simply were no facts to support a further investi-

gation of Adams' psychiatric history in preparing a possible defense of insanity, unconsciousness, or diminished capacity.

At the trial Adams' defense team made a reasoned, tactical decision to focus defense efforts where they would be most beneficial to Adams. A misidentification theory was decided upon and discussed with Adams prior to trial. Defenses of unconsciousness, diminished capacity and mental illness were ruled out because there were no facts to support those defenses, and presenting those defenses would have undermined Adams and his counsels' credibility with the jury during the trial and at the death penalty phase. The habeas court pointed out:

> There can be no question that it would be inconsistent to use the defense that Adams was not present, could not have been present in the time frame developed by the prosecution, but if he was present, he was so drunk or under the influence of controlled substances that he could not form the intent to commit the crimes as charged.

We have stated that:

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Miller v. Leapley, supra,* 472 N.W.2d at 518 *quoting Strickland, supra.* After reviewing the habeas corpus proceeding record, we are convinced that Adams has failed to show that his trial attorneys were deficient under the *Strickland, supra,* components.

Adams has also completely failed to meet the second test in *Strickland.* Even if trial counsels' performance was deficient, there is no showing that the deficient performance prejudiced the defense. *Strickland, supra.* Adams claims he was prejudiced because his psychiatric history was not investigated. However, there are no

facts to show that, if investigated, facts supporting an insanity, unconsciousness, or diminished capacity would have been found. If such facts would have been found, they should have been presented to the habeas court for consideration.

The performance of Adams' trial attorneys was well within the realm of competence demanded by attorneys representing criminal defendants. *See Stano v. Dugger,* 921 F.2d 1125 (11th Cir.1991). No defect of constitutional significance exists in Adams' first claim of error.

## II.

### WAS ADAMS DENIED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL MADE ADMISSIONS DURING CLOSING ARGUMENTS?

■ Adams next asserts that his right to effective assistance of counsel was denied during closing arguments when his trial attorneys acknowledged that Adams was in the Morrell parking lot on the morning of June 19, 1986, when no witness at trial so testified.

Defense counsel Miller testified at the habeas proceeding that the defense team's remarks during closing argument were calculated to prove that the timing of Adams' involvement in the crime was impossible and to show that Adams was Boykin's accomplice, thereby shifting blame to Boykin. Miller's co-counsel, Jana Miner, explained that this strategic approach was formulated to counteract the problems the defense team was facing because of scientific blood analysis of evidence placing Adams in the parking lot. Additionally, a prosecution witness had testified that he saw a person putting newspapers in the back of a pickup who was almost identical to Adams' physical build, including his height, weight, beer belly and hair.

In short, Adams' trial counsel were attempting to argue the best version on the difficult facts presented their client. Miller's closing arguments acknowledged the strong evidence placing Adams in the Morrell parking lot the morning of the crime and then attempted to use it to the client's advantage. It is not this court's responsibility to second guess legitimate trial tactics. *See, Miller, supra.* The performance of Adams' trial attorneys was well within the realm of competence demanded by attorneys representing criminal defendants.

Further Adams must demonstrate that his trial attorneys' alleged inferior performance prejudiced the defense to the extent that he was denied the right to a fair trial, and that but for counsels' errors, the proceeding would have been different. *Strickland, supra.*

Even if Adams' trial attorneys' remarks during closing arguments were considered erroneous, they were not so egregious that the omission of these statements would have created a reasonable possibility of a different result. The state's evidence linking Adams with the John Morrell parking lot was strong. Adams' defense was not prejudiced by admitting that which in all probability was already proven.

Adams was represented by two competent, experienced attorneys. Their representation of Adams was well within the parameters of professional assistance guaranteed by the Sixth Amendment to the United States Constitution and art. VI, § 7 of the South Dakota Constitution. We reject Adams' argument that he was denied effective assistance of counsel. We affirm the holding of the circuit court on all issues.

MILLER, C.J., and WUEST, HENDERSON and SABERS, JJ., concur.

TUCKER, Circuit Judge, for AMUNDSON, J., disqualified.